## ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY v. ROBINSON.

### Opinion delivered February 8, 1915.

MASTER AND SERVANT—TORTIOUS ACT OF SERVANT—KNOWLEDGE AND AU-
THORIZATION.—Defendant railroad company employed a call boy to call its train crews when directed to do so. While in the performance of his duty, the call boy, riding a bicycle, ran into and injured plaintiff. In an action by plaintiff against the railroad company for damages, held, the railroad company was not liable, there being no evidence to warrant a finding that the bicycle was necessarily used in the service of the railway company by the call boy, with the knowledge of its servants of the use and necessity therefor, and that, therefore, there was no negligence shown on the part of the defendant company.

Appeal from Nevada Circuit Court; *Jacob M. Carter*, Judge; reversed.

#### STATEMENT BY THE COURT.

Appellee was injured on the Main Street in the town of Gurdon on April 28, 1913, by being run into or struck with a bicycle, ridden by a call boy in the employ of the railway company, going at the rate of from ten to fifteen miles an hour.  It was his duty to call the different train crews as directed, there being three or four of them to be called each day.  The division foreman on the morning of the injury directed him to make calls of certain crews and while on his way to do this the injury was inflicted.

The appellee was crossing the street in the usual way, and just after walking around the front of a team and wagon was struck with great violence by the bicycle, ridden by the call boy, who after passing around the team appeared to be looking north up the railroad track and away from her, and did not discover her presence until it was too late to avoid the collision.

The boy was not employed to perform his service on a bicycle nor provided with or required to have one. None of his predecessors had ever attended to the duties of calling the train crews with the aid of a bicycle. He rode from his home, which was beyond the call limits of the station, on his wheel when the weather conditions were favorable, and frequently performed his service of notifying the train crews by riding the wheel instead of walking. He kept the wheel at the office of the railway company when not in use, and the superintendent or foreman saw it there and also knew that he was using it in performing his duties.

The court instructed the jury, and from the judgment against it the railroad company has appealed.

*E. B. Kinsworthy, R. E. Wiley* and *T. D. Crawford,* for appellant.

The testimony tends to show that the use of the bicycle was merely for the convenience of the call boy, and that on this occasion there was no reasonable necessity for the use of the bicycle. There is no testimony tending to show that, in employing the call boy, appellant either contemplated or authorized, expressly or impliedly, the use of a bicycle. 111 Ark. 208; 63 N. J. L. 385, 43 Atl. 894; 3 Car. & P. 167.

*McRae & Tompkins,* for appellee.

1. Appellant is liable because the call boy was acting within the scope of his employment, and used a convenient and customary way of discharging his duty to the appellant. 111 Ark. 213; 40 Ark. 323; 75 Ark. 579.

2. It is liable because the use of the bicycle was known to, and by implication authorized by, the appel-

lant.   Thompson on Negligence, § 614; 89 Ark. 103; 96 Ark. 638; 4 Thompson on Neg., § 4892; 26 Fed. 912; 132 U. S. 518; 67 Atl. 188; 128 S. W. 276; 29 L. R. A. (N. S.) 856.

KIRBY, J., (after stating the facts).   Appellant contends that it is not liable for the injury because the use of the bicycle by the call boy was not necessary to the service in which he was engaged, and it was not required to be used in such service upon his employment, and that the court erred in not directing a verdict in its favor.

The testimony is undisputed that the predecessors of this call boy had walked to the houses of the employees in performing his service and notified them of the time for their appearance for duty, and that all of the employees required to be called by him lived within less than a mile, the call limits of the station or office, and that there was ample time for the caller to give notice to all employees, who had to be called by him, by walking to their residences, and without using the bicycle in the performance of his duty.

It is also undisputed that he was not required to use a bicycle by the company nor provided with one and the machine used by him was his own and used for his own convenience, notwithstanding it is true that the agents of the railway company who employed him knew that he was at times using a bicycle in the performance of his duties.   The man whom he was proceeding to call at the time of the injury lived within two or three blocks of the station.

In the former opinion, *Robinson* v. *St. Louis, I. M. & S. Ry. Co.,* 111 Ark. 208, the court on demurrer held the complaint sufficient, which alleged "the defendant maintained a call boy whose duty it was when so ordered by the defendant to go immediately and quickly to the residences, and boarding places of the trainmen and call them to take out their trains or to perform their other duties. That said call boy has for a long time, with the knowledge and consent of the defendant, discharged his duties by riding a bicycle, which it was necessary for him to use in

order for him to expeditiously discharge his duties," etc. And quoted with approval, "The action is deemed to be maintainable or not maintainable, according as the servant's use of the instrumentality was or was not authorized, expressly or impliedly, by the master. Such authorization is manifestly a proper inference whenever it is provided by the contract of hiring that the servant is to use, for the purpose of the work, an instrumentality belonging to himself." 6 Labatt, Master & Servant, § 2282.

It is not contended that there was any express authorization of the servant to use the bicycle in the performance of his duty, but insisted that he was impliedly authorized to so use it because he was directed to make the call, and the agent directing him knew that he was using the instrumentality in the performance of his duty and he was in the line thereof at the time of the collision with appellee.

The court instructed the jury that if Sturdivant was employed as a call boy, "and in making his calls he necessarily used a bicycle of which use and necessity therefor the servant of defendant knew and at the time of the injury to the plaintiff he was making a call under the order of the defendant or its servant," etc., it should find for the plaintiff.

The facts did not warrant the jury in finding that the call boy necessarily in making his calls used a bicycle of which use and necessity therefor the agents of the railway company knew. It certainly did not furnish a bicycle for his use in the service nor require him to provide one therefor, and the duties imposed upon him to notify the other employees did not necessitate such dispatch in reaching them as required the use of a bicycle. It was employed by the caller to facilitate the performance of his duties, mayhap, and certainly for his own convenience and the mere fact that the agents of the railway company knew that the call boy was using the instrumentality in the performance of his service was not an implied authorization of the use thereof by the master nor sufficient evi-

dence of the necessity therefor.  If the service required of the call boy could not have been performed in the time given therefor without the aid of the instrumentality used, the bicycle, it would have occasioned a necessity, and the knowledge by the agent of such use in the performance of the service would have amounted to an implied authorization thereof, making the railroad liable for a negligent injury thereby.  But such is not this case, and there was no testimony to warrant the jury in finding that the bicycle was necessarily used in the service of the railway company by its call boy, with the knowledge of its servants of the use and necessity therefor, and consequently no negligence shown in the injury to appellee for which it is required to answer or respond in damages.

The court erred in refusing to instruct a verdict for the appellant.

The judgment is reversed and the cause dismissed.