## John Ritchie v. E. W. Schenck.

Error—*must be shown, not presumed.* In the absence of any showing to the contrary, it will be presumed that the instructions of the court to the jury were proper. Where no error is shown to have been committed by the court below, the judgment of that court must be affirmed.

*Error from Shawnee District Court.*

Replevin for seven head of cattle, brought by *Ritchie.* The evidence was not sent up to this court. The district court instructed the jury as follows:

" The plaintiff alleges that he is the owner of certain personal property, namely, seven steers, described in the petition, and that he is entitled to the immediate possession thereof; that the defendant, *Schenck,* unlawfully detained the same from the possession of the plaintiff; and he brings this action to recover possession of said property. These allegations are denied by defendant in his answer. But it is admitted in open court, by both parties—1st, That at and before the commencement of this suit the cattle in controversy were in the possession of *Schenck,* the defendant; 2d, That while the cattle were thus in possession of defendant, and before the commencement of this suit, the plaintiff *Ritchie* demanded the cattle, and was refused by defendant; 3d, That the value of the cattle is as alleged, $338.50; 4th, That at the commencement of this action plaintiff *Ritchie* replevied said cattle from defendant.

" The question then for you to decide is simply this— whether at the commencement of this action *Ritchie* was owner of the cattle, or *Schenck.* You are the exclusive judges of the testimony; of what it proves, and what it disproves; of its weight, and the credibility of the witnesses.

" The defendant *Schenck* being in possession at the time of the replevying, and claiming ownership, is entitled to the benefit of the presumption of law that he is the owner; and the burden of proof is on the plaintiff

to establish by a preponderance of testimony, that he is the owner, before he can recover."

The jury returned a verdict in favor of the defendant, as follows:

"We the jury find that at the commencemet of this action the defendant had the. right of property in, and the right of possession to, the personal property in the plaintiff's petition described; that the value of said property was $338.50; and we assess the defendant's damage for the taking and holding of the same by plaintiff at $250."

The defendant waived the finding for damages, and judgment in his favor was then entered on the verdict. Motion for a new trial overruled, and plaintiff brings the case here by petition in error.

*Douthitt & Spencer*, for plaintiff in error, and *John Guthrie* for defendant in error. No briefs filed.

The opinion of the court was delivered by

VALENTINE, J.: This was an action of replevin, brought by the plaintiff in error against the defendant in error. The judgment below was for the defendant, which the plaintiff now seeks to reverse. The assignments of error are as follows: "1st, The district court erred in the "instructions given to the jury on the trial of said action. "2d, The verdict of the jury in said action is contrary to "law. 3d, The said court erred in overruling the said "plaintiff's motion for a new trial. 4th, Said court erred "in rendering judgment against said plaintiff and in fa- "vor of said defendant. 5th, Said judgment was given "for the said defendant, when it ought to have been "given for the said plaintiff, according to the law of the "land."

There is nothing in the record that shows that the in-

structions of the court below given to the jury, were erroneous. They were such instructions as might properly have been given under the pleadings; and whether they were such as might have been given under the evidence, we cannot determine, as none of the evidence is brought to this court. As nothing is shown to the contrary, it will be presumed that the instructions of the court were properly given.

We cannot perceive any legal objection to the verdict of the jury. The motion for a new trial was properly overruled. There was no evidence introduced to the court, on the hearing of said motion, to sustain any of its allegations, which are required to be proved; and no error of law, or irregularity of any kind, is shown to have occurred prior to the hearing and determination of said motion.

The plaintiff has no reason to complain of the judgment rendered upon the verdict. The verdict was in favor of the defendant, and the judgment was in accordance with the verdict, except that the verdict found certain damages in favor of the defendant, and against the plaintiff, for which the court, with the consent of the defendant, did not render any judgment. As this action of the court was in favor of the plaintiff, he has no right to complain. As no error has been shown, the judgment of the court below must be affirmed.

All the Justices concurring.