The State v. Walker.

----

THE STATE OF KANSAS v. HARRY S. WALKER.

No. 12,995.    ( 68 Pac. 1095.)

SYLLABUS BY THE COURT.

1. PRACTICE, SUPREME COURT—*Presumption in Absence of Evidence—Instruction Refused.* When the record does not contain any of the evidence showing the applicability of an instruction asked, the refusal to give it cannot be reviewed in this court, except when it embodies a general proposition of law not dependent upon special states of fact but common to all cases of the kind, such, for instance, in criminal prosecutions, as the presumption of defendant's innocence, the burden of proof upon the state, etc.

2. ——— *Presumption when Instruction is Given.* In the case of a record which does not contain the evidence, an instruction given, unlike one refused, which hypothesizes a certain state of facts, will be reviewed, because this court is bound to presume there was evidence tending to prove the facts upon which the instruction was conditioned.

3. LARCENY—*Possession and Custody Distinguished.* One person may have the legal possession of goods of which another, acting for him, may have the mere physical custody, and, in such case, the latter may be guilty of larceny from the former if he keep the goods against the possessor's will with intent to convert them to his own use.

4. ——— *Facts Stated and Held to Constitute Larceny.* A person handed another a piece of money to be changed into a different form, and, in its changed form, to be put by the latter in a

letter and deposited in the post office, and the one to whom it was given took the money and made the change and put it in the letter but did not make the deposit in the post-office, and, with intent to keep it himself, refused to return it to the giver. Everything to be done was to be done in the presence of the two together and under the direction of the giver of the money, and everything that was done or refused was done or refused in the presence of both of them. *Held*, that the one who refused to complete the direction given and refused to return the money, but kept it, with the intent stated, was guilty of the larceny of the money in its changed form.

Appeal from Saline district court; R. F. THOMPSON, judge.   Opinion filed May 10, 1902.   Affirmed.

*A. A. Godard*, attorney-general, and *C. W. Burch*, county attorney, for The State.

*David Ritchie*, for appellant.

The opinion of the court was delivered by

DOSTER, C. J.: This is an appeal from a judgment of conviction of grand larceny. It was charged in the information that appellant "did then and there unlawfully and feloniously steal, take, and carry away, of the personal property of one John C. Fletcher, twenty dollars, lawful money of the United States, of the value of twenty dollars, consisting of two five-dollar bills, paper currency, each of the value of five dollars, and one ten-dollar bill, paper currency, of the value of ten dollars." The only errors complained of are the giving of a certain instruction and the refusal to give a certain other one. The one requested was as follows :

"If you find and believe, from the evidence in this case, that the prosecuting witness handed the money charged in the information herein to the defendant for the purpose of getting it changed, and that afterward the defendant retained the money and converted the same to his own use, you cannot convict, but should acquit the defendant."

The State v. Walker.

The bill of exceptions does not contain any of the evidence, and it will be observed that the instruction asked does not express any of those general statements of law that must be of necessity given in all criminal cases, such as the presumption of innocence, the burden of proof upon the state, etc. Therefore, we are unable to know the applicability of the above legal proposition to the facts of the case. Hence, it cannot be considered. (*Educational Association of Christian Churches v. Hitchcock*, 4 Kan. 1; *M. R. F. S. & G. R. Co. v. Owen*, 8 id. 410; *State v. Cassady*, 12 id. 550.)

The instruction given was as follows:

"If you find from the evidence, beyond a reasonable doubt, that the defendant, in this county, on or about the 7th day of last August, received from said John C. Fletcher a twenty-dollar gold piece, the property of said Fletcher, for the specific purpose of changing it for said John C. Fletcher into United States currency, and then putting such money immediately into a letter to be deposited in the presence of said Fletcher in the post-office at Salina, in this county, and if you further find from the evidence, beyond a reasonable doubt, that such currency was put into a letter as directed by said Fletcher, and that said letter and currency were not deposited in said post-office, but that the return of said currency was demanded by said Fletcher, and if you further find from the evidence, beyond a reasonable doubt, that the defendant refused to return said currency to said Fletcher, but kept it, with intent to convert it to his own use, and to deprive said Fletcher of it permanently, then you should find the defendant guilty as charged in the information; but if you do not so find, then you should acquit the defendant."

When the bill of exceptions does not contain the evidence, the case of an instruction given is different from that of one refused. As to the former, we must

presume a condition which justified the court in giving it. Hence, in this case, we must presume that the instruction hypothesized a state of facts which the evidence tended to prove. (*Ritchie v. Schenck*, 7 Kan. 170.) The question, therefore, is, Did the hypothetical state of facts recited in the instruction justify the charge of guilt? The appellant contends that it did not, because, as he says, one of the elements of larceny· is trespass, a wrongful taking from the owner's possession, and, as he further says, the instruction failed to condition guilt on the element of trespass, but authorized a conviction on its exact opposite, to wit, a rightful coming into possession.

It is true that larceny cannot be committed except by a wrongful assumption of the possession of another's goods. However, the possession of which a thief deprives an owner does not mean, necessarily, the manual control or dominion. of the property stolen. There is a difference between possession and custody. One may have what the law esteems the possession of property, while another has its custody. The hypothesis of the instruction in question presents a case of that kind. Analyzing it briefly, we observe that Fletcher gave the appellant a gold piece to be changed into paper bills, to be put by the latter into a letter to be deposited in the post-office. The hypothesis was that appellant performed the first two acts but did not perform the last one, to wit, the deposit in the post-office, and, failing to do it, refused to deliver the money to Fletcher and kept it, with intent to convert it to his own use. Now, true it is that, according to the hypothesis, the bills given in exchange for the coin were never in the actual possession of Fletcher, so as to give the act of appellant the character of a physical asportation of the money, but they were in his posses-

sion in that legal sense which holds them to be the subjects of larceny. They were in his possession, held by him through the manual custody of appellant. The instruction conditions the presence together of both Fletcher and appellant at all times throughout the transaction, and conditions the continued control and authority of Fletcher over appellant in respect to everything to be done by the latter. The appellant was but a mere arm of Fletcher to accomplish the required act; or, to use another figure, he was but a mere automaton to perform according to Fletcher's will.

There are cases which hold that, when money is given by one to another to have it changed, the property in the money being surrendered by the owner, the one to whom the money is entrusted cannot be convicted of stealing it, because no property was retained in it, nor can he be convicted of stealing the change, because the one claiming it never had ownership. (Whart. Crim. L., 10th ed., § 965.) That, however, is not this case, because in this case, according to the hypothesis of the instruction, every act done by appellant was to be done, and was done, in the presence and by the present control of Fletcher. As before stated, the former had only the bare physical custody of the money. The moment the exchange of money was made the bills came into the legal possession of Fletcher by virtue of the physical dominion he was then entitled to and able to exercise. The authorities are numerous and are full and complete to the effect stated. (Whart. Crim. L., 10th ed., § 956, *et seq*; Clark, Crim. L. 252, *et seq*.)

The instruction was not erroneous and the judgment of the court below is affirmed.

JOHNSTON, ELLIS, JJ., concurring.