No. 32,265

M. C. TRIPP, *Appellee*, v. UNITED STATES FIRE INSURANCE COMPANY OF NEW YORK, *Appellant*.

(44 P. 2d 236)

Opinion filed May 4, 1935.

*A. W. Relihan* and *T. D. Relihan*, both of Smith Center, for the appellant.

*D. A. Hindman*, of Stockton, for the appellee.

The opinion of the court was delivered by

THIELE, J.: This is an appeal in an action for damages to an automobile owned by plaintiff and insured against theft by defendant.

Plaintiff was engaged in the automobile business at Stockton. On May 24, 1933, a man calling himself Hanson appeared at plaintiff's place of business with a Chevrolet coupé in which he had a number of surveying instruments. Plaintiff suggested to Hanson that he needed a larger car and Hanson looked at cars, trying them to see how the instruments would fit into them. Hanson told plaintiff he had to go to Palco to do some work and would be back to consider buying a certain sedan. Later the same day Hanson called plaintiff and asked plaintiff to meet him at Plainville. Plaintiff took the sedan and met Hanson at Plainville where terms of trade were discussed. Before Hanson would make the trade he wanted to

try the sedan, to which plaintiff agreed. Hanson stated he had no keys for his coupé and asked plaintiff to watch it while he tried out the sedan. Plaintiff agreed. Hanson got into the sedan, drove off and failed to come back. He was later apprehended in Ohio and the plaintiff's car recovered. Plaintiff's car was insured under a policy of the defendant company. The suit was to recover for damages to the car from the time it was taken until it was recovered. From a judgment in plaintiff's favor defendant appeals.

The policy insured plaintiff's automobile against theft, robbery and pilferage "excepting by any person . . . to which person . . . the assured . . . voluntarily parts with title and/or possession whether or not induced so to do by any fraudulent scheme, trick, device or false pretense," etc.

The sole question presented is whether under the facts the assured voluntarily parted with title and/or possession of the automobile as a result of the above trick.

That the manner in which the automobile was taken from plaintiff by Hanson constitutes a species of theft has been settled. In *Motor Co. v. Insurance Co.*, 111 Kan. 225, 207 Pac. 205, where a pretending purchaser falsely representing himself to be Ben Cole, a reputable person of the community, delayed his negotiations for purchasing a car until after banking hours and then gave a check signed with the name Ben Cole and thereby obtained the car and vanished with it, it was held:

"Under a contract of insurance issued to protect a dealer in automobiles against 'theft, robbery or pilferage,' the act of a swindler who deprived the insured of an automobile by means of a preconceived plan which involved impersonation, misrepresentation and fraud was a species of theft for which the insurance company was liable." (Syl.)

And a similar ruling was made in *Overland-Reno Co. v. Indemnity Co.*, 111 Kan. 668, 208 Pac. 548. The policies of insurance in those cases did not contain the exception above noted. Under the admitted facts, did plaintiff voluntarily part with possession of the car?

Under similar circumstances of fact and under policies having substantially identical provisions as to theft and exceptions thereto as are involved in the instant case, in *Stuart Motor Co. v. General Exchange Ins. Corporation*, (Tex. Civ. App. 1931) 43 S. W. 2d 647, and *American Indemnity Co. v. Higgenbotham*, (Tex. Civ. App. 1932) 52 S. W. 2d 653, it was held plaintiff could not recover. Ap-

pellant relies on these cases. In *Allen v. Berkshire Mut. Fire Ins. Co.*, 105 Vt. 471, 168 Alt. 698, 89 A. L. R. 460, it was held plaintiff should recover. Appellee relies principally on this case.

As we view the matter, the disposition of this appeal turns largely on the meaning to be given the word "possession." In Webster's New International Dictionary (2d ed.), the word "possess" is defined—

"3. *a.* To have and to hold as property; to have a just right to; to be master of; to own," etc.

and "possession" is defined—

"1. Act or state of possessing, etc., and

"6. *Law.* Act, fact, or condition of a person's having such control of property that he may legally enjoy it to the exclusion of all others having no better right than himself. What constitutes such possession depends upon the subject matter and the legal system involved; but, in general, all legal systems recognize as having possession him (as a thief) who has actual physical control of a thing and holds it for himself, the Roman and civil law distinguishing these elements as the *corpus of pessession* (detention, or *naturalis possessio*) and the *animus possidendi,* calling the two together simply *possession,* or *civilis possessio.* English law does not expressly recognize this distinction but distinguishes *custody,* where one does not exercise the physical control for his own purposes, from *possession.*"

We do not find the word to have been defined in any of our cases similar to this one, but in an intoxicating-liquor case (*State v. Metz*, 107 Kan. 593, 193 Pac. 177) there is discussion of its meaning, and it was said:

"Following Salmond's definition and analysis, which are open to as little objection as any, corporeal possession is the continuing exercise of a claim to the exclusive use of a material thing. The elements of this possession are, first, the mental attitude of the claimant, the intent to possess, to appropriate to oneself; and second, the effective realization of this attitude. Effective realization involves the relation of the claimant to other persons, amounting to a security for their noninterference, and the relation of the claimant to the material thing itself, amounting to a security for exclusive use at will." (p. 596.)

It was said in *Nat. Safe Dep. Co. v. Illinois*, 232 U. S. 58, 67, 34 S. Ct. 209, 212, 58 L. Ed. 504, 509, and quoted with approval in *Allen v. Berkshire Mut. Fire Ins. Co.*, supra, that "both in common speech and in legal terminology, there is no word more ambiguous in its meaning than possession."

And the use of the term with modifying adjectives is common in the law, *e. g.* "actual possession," "constructive possession" and "physical possession."

In 22 R. C. L. 80 it is said:

"The mere fact of putting one's property into the charge or custody of another does not divest the possession of the owner. The legal possession still remains in him. So one having the mere custody of another's property may commit a larceny of it."

In this connection, see *State v. Walker*, 65 Kan. 92, 68 Pac. 1095, and 36 C. J. 776, § 134.

Other authority showing diversity of definition of the word might be cited but the above is sufficient to show that mere change of custody does not always amount to change of possession or to surrender of it.

The general rule for the interpretation of insurance policies is that if the terms thereof are open to more than one construction, that one which is more favorable to the insured must prevail. (*Samson v. United States Fidelity and Guaranty Co.*, 131 Kan. 59, 289 Pac. 427; *Hoskins v. North American Accident Ins. Co.*, 123 Kan. 731, 256 Pac. 981; *Evans v. Accident Association*, 102 Kan. 556, 171 Pac. 643; *Bank v. Colton*, 102 Kan. 365, 170 Pac. 992; *Bank v. Insurance Co.*, 91 Kan. 18, 137 Pac. 78, and cases cited therein. See, also, 32 C. J. 1152 *et seq.*)·

Applying this rule to the facts before us, we are constrained to hold that Hanson's acts resulted in his obtaining, not the possession of the car, but simply the custody of it; that plaintiff in letting Hanson drive the car to try it was not intending to and did not part with the possession of it; that had the insurance company wanted to make an exception with reference to change of custody resulting from fraudulent scheme, trick, device or false pretense, it could easily have used words so appropriate to that end there could have been no difference of opinion with respect thereto, and failing that, the terms of the exception must be construed against it and favorably to the plaintiff, and so construed, plaintiff did not voluntarily part with possession of the insured automobile.

The judgment of the lower court is affirmed.