ROBERT BOYD, DOING BUSINESS AS FARNAM MOTOR COMPANY, APPELLEE, V. TRAVELERS FIRE INSURANCE COMPANY, APPELLANT.

22 N. W. 2d 700

FILED MAY 10, 1946. No. 32069.

*Kennedy, Holland, De Lacy & Svoboda* and *L. J. Tierney*, for appellant.

*George O. Kanouff*, for appellee.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

YEAGER, J.

This is an action by Robert Boyd, doing business as Farnam Motor Company, plaintiff and appellee, against Travelers Fire Insurance Company, defendant and appellant, to recover on an insurance policy for damages incident to the wrongful taking of an automobile from the plaintiff by one Phillip M. Harris, Jr. The case was tried to the court and judgment was rendered in favor of plaintiff for $250 and costs and an attorney's fee in the amount of $100. Motion for new trial was filed and overruled. The defendant has appealed.

The facts are not in dispute. The only question for determination is that of whether or not on the facts the plaintiff had coverage under the insurance policy which had been issued to him by the defendant.

The plaintiff at all times herein mentioned was engaged in the business of selling automobiles. His place of business was in Omaha, Nebraska. Prior to the incidents involved herein he obtained from the defendant a policy of insurance known as "Dealers' Open Policy." Among other things it insured against theft, larceny, robbery, and pilferage. As to this phase the policy contains the following ex-

ception: "Such policy does not cover: * * * (d) Under the theft, larceny, robbery or pilferage coverage (if such policy covers these perils)—loss suffered by the insured in case he voluntarily parts with title to or possession of any automobile at risk hereunder, whether or not induced so to do by any fraudulent scheme, trick, device or false pretense or otherwise; * * *."

On October 21, 1943, Phillip M. Harris, Jr., came to plaintiff's place of business and negotiated for the purchase of an automobile. At that time he said he was Staff Sergeant Floyd Dale. A price of $1,050 was agreed upon for the automobile. He stated that he wanted his wife, who worked at the Western Union Telegraph Office, to see the automobile before completing the purchase and asked permission to take it out for that purpose. Permission to do so was granted by plaintiff. Harris then left a deposit of $5 and departed with the automobile and did not return. Some time later the automobile was found at Boonville, Indiana. Plaintiff notified the defendant. The defendant did nothing about it so plaintiff went to Indiana and returned the automobile. The expense of repairing and returning it to Omaha was $251.31. The action is for $250, costs, and attorney's fees.

The defendant contends that the exception heretofore quoted precludes a recovery on the policy for the reason that within the meaning of the exception the plaintiff voluntarily parted with the possession of the automobile.

On the other hand the plaintiff contends that Harris never came into possession of the automobile within the strict meaning of the term. He contends that strictly speaking he came only into its custody.

This exception has never previously been before this court for interpretation, but it has been interpreted in other jurisdictions. It has been before the courts of Texas and Kansas on very similar states of fact and of Vermont in a case having some points of similarity. Texas supports the view of defendant and Kansas that of the plaintiff.

In Stuart Motor Co. v. General Exchange Ins. Corpora-

tion, 43 S. W. 2d (Tex. Civ. App.) 647, which was a case wherein the facts were in all substantial particulars the same as in the case at bar and where there was a like exception in the insurance policy, the court in determining that there was no liability said: "We therefore must conclude that the exception contained in the policy clearly included a loss under facts such as we have before us, and that we would not be at liberty to otherwise construe it." See, also, American Indemnity Co. v. Higgenbotham, 52 S. W. 2d (Tex. Civ. App.) 653.

The case of Tripp v. United States Fire Ins. Co. of New York, 141 Kan. 897, 44 P. 2d 236, is one wherein a prospective purchaser was permitted to take and "try" an automobile. He drove away and was later apprehended in Ohio. The policy of insurance contained the same exception as the one in the case here.

In deciding the case in favor of the insured the court came to the conclusion that there was no voluntary parting with possession. The conclusion in this connection was clearly negative. There was no effort to point out what was taken if not possession.

Reliance was had in the opinion on Allen v. Berkshire Mut. Fire Ins. Co., 105 Vt. 471, 168 A. 698, 89 A. L. R. 460. An examination of the Vermont case however discloses that it is not precedent on this question. The opinion points out that while possession had once been in the person who made away with the automobile it had been surrendered and the keys delivered back to the owner. In the opinion it is said: "In the case before us, Smith's status as prospective purchaser came to an end when, after demanding the purchase price, or the automobile, the plaintiff took back the transmission keys. Thereafter he was merely a naked bailee, and, as such, had only the bare custody of the car for a limited time and special purpose. * * * We hold that the plaintiff had constructive possession of the automobile at the time of its loss, and, in accordance with the rule of construction which has been stated, we also hold that the plaintiff had not parted with possession within the meaning

of the policy."

In this view the case becomes authority for the contention of the defendant rather than the plaintiff.

The theory on which the court in Tripp v. United States Fire Ins. Co. of New York, *supra*, decided the case in favor of the plaintiff therein was that the word "possession" was ambiguous. That is the theory for which plaintiff contends in this case.

That the term possession has many shades of meaning and that it is capable of no exact definition is beyond doubt. Mr. Justice Lamar in National Safe Deposit Co. v. Stead, 232 U. S. 58, 34 S. Ct. 209, 58 L. Ed. 504, well said: " * * * there is no word more ambiguous in its meaning than Possession. It is interchangeably used to describe actual possession and constructive possession which often so shade into one another that it is difficult to say where one ends and the other begins."

It would seem however that a consideration of the question of ambiguity of the term would be of no importance and that the generally accepted meaning would be controlling unless, by other terms with which it is used, or by usage or custom in trade or business, or by competent evidence of a contrary significance as between the parties, it was made to appear that the term was to be given a restricted or qualified meaning. In the present instance there are no qualifying terms. There is no qualifying evidence of usage or custom in trade or business. There is nothing to indicate that the term was used in a restrictive or technical sense. There is no evidence that as between the parties the term was intended to apply other than in its ordinary sense. It would seem, therefore, that under the circumstances of this case, to the term should be attributed its ordinary significance and meaning.

In ordinary understanding the term means that a person has possession when he has physical control of property.

In Webster's New International Dictionary, 2nd Ed., possession in law is defined as follows: "Act, fact, or condition of a person's having such control of property that he

may legally enjoy it to the exclusion of all others having no better right than himself. What constitutes such possession depends upon the subject matter and the legal system involved; but, in general, all legal systems recognize as having possession him (as a thief) who has actual physical control of a thing and holds it for himself, * * *."

In this light the exception in the insurance policy herein is clear and plain. It admits fairly and reasonably of but one interpretation and that is if physical control of an automobile is voluntarily surrendered possession thereof passes to the recipient and with such passage of possession coverage under the policy is lost. The wording of the exception is no less plain than this statement.

We hold therefore that the plaintiff had no coverage under the insurance policy sued on for the loss sustained. The judgment of the district court is reversed and remanded with directions to dismiss the petition.

REVERSED WITH DIRECTIONS.