DELILAH RANKIN, APPELLEE, v. WESTERN UNION TELE-
GRAPH COMPANY, APPELLANT, CHARLES F. BRADFORD,
APPELLEE.

23 N. W. 2d 676
FILED JUNE 28, 1946. No. 32089.

*Cline, Williams & Wright* and *Francis R. Stark,* for appellant.

*Chambers & Holland,* for appellee.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

SIMMONS, C. J.

Plaintiff was struck by a bicycle ridden by defendant Bradford, a messenger boy in the employ of defendant, Western Union Telegraph Company. Plaintiff recovered damages. Defendant, Western Union Telegraph Company, appeals. We affirm the judgment of the trial court.

We state the facts material to a determination of the question presented on this appeal. Bradford, a boy 16 years of age, was employed to deliver messages from the Western Union office on South Tenth Street in the Terminal Building in Lincoln. He had possession of two bicycles, one referred to as an ordinary bicycle, the other as a racing or light bicycle. The ordinary bicycle is not described. The racing bicycle of lighter weight was equipped with three gears, a low for power on hills, second for usual use, and high for speed. It was easier to handle, had better brakes, and could be stopped more quickly than the ordinary bicycle. Bradford had been instructed not to use the racing bicycle in delivering messages, and testified that he had not done so prior to the time involved in this accident. The use of a bicycle was authorized.

Shortly before 5:00 p. m., March 21, 1945, he was given two messages to deliver in south Lincoln. He went out the Tenth Street entrance, took the ordinary bicycle from its place where parked, rode south to the alley, then west to Ninth Street, then north to O Street, then east to the entrance to the Terminal Building, took the bicycle down-

stairs, exchanged it for the racing bicycle, and proceeded to deliver the messages. On his return he was going north on Thirteenth Street, the bicycle in high gear, riding at 20 to 25 miles an hour, when he turned to go west on L Street. He struck the plaintiff as she was crossing L Street at that intersection.

Plaintiff alleged that Bradford was "acting within the scope of his employment" and "for and in behalf of the defendant, Western Union Telegraph Co." Defendant Western Union Telegraph Company answered, denying generally, and alleging that Bradford at the time of the accident "was riding, without the knowledge or consent of this defendant, and contrary to its rules and orders, known to said Bradford, a racing bicycle."

At the close of plaintiff's case in chief, defendant Western Union Telegraph Company moved for a directed verdict on the ground that the evidence showed that Bradford was not acting within the scope of his employment, was in direct violation of orders, and without defendant's knowledge, was using the racing bicycle instead of the ordinary bicycle. The motion was overruled. A similar motion was made and overruled at the close of the trial.

Assigning as error the overruling of these motions and the giving of an instruction which permitted recovery, defendant Western Union here states this as the question involved: "* * * whether the Western Union Telegraph Company is liable for the negligence of a messenger boy who used a racing bicycle without the knowledge of and in direct violation of orders."

We think the answer to the question propounded is found in Restatement of the Law, Agency, section 239, page 538, wherein it is said: "A master is not liable for injuries caused by the negligence of a servant in the use of an instrumentality which is of a substantially different kind from that authorized as a means of performing the master's service, * * * ." In the comment it is said: "If the master directs a servant to accomplish the result and does

not specify the means to be used, the servant is authorized to employ any usual or suitable means. The master, however, may direct that only a particular instrumentality be used or that one of a particular kind shall be used, or the course of business may indicate that certain instrumentalities only are contemplated. The use of a different instrumentality of the same sort as that authorized is within the scope of the employment; but the use of one which is substantially different may cause the act to be different in kind from that authorized. In determining whether or not the use of an unauthorized instrumentality is within the scope of the employment, the additional risk from the use is an important fact to be considered."

Western Union asserts that the above quotation from Restatement finds no support either in the decided cases or in the court's discussion on the question.

The test suggested by the rule is this: Was the instrumentality used of a substantially different kind from that authorized? If so, it is without the scope of the employment. Or, as stated in the comment: Was the instrumentality used of the same sort as that authorized? If so, it is within the scope of the employment.

No substantial difference appears between an ordinary bicycle and a racing or light bicycle, as described in this record, either in kind or method of operation. They are "of the same sort."

The rule is consistent with the adjudicated cases which Western Union discusses and relies upon in its brief. In Miller v. Western Union Telegraph Co., 63 Ohio App. 125, 25 N. E. 2d 466; Western Union Telegraph Co. v. Hinson, 191 Ark. 617, 87 S. W. 2d 66; Hughes v. Western Union Telegraph Corporation, 211 Iowa 1391, 236 N. W. 8; and St. Louis-San Francisco Ry. Co. v. Robbins, 219 Ala. 627, 123 So. 12, the employee was authorized to use a bicycle; he used an automobile without authority. In Blackman v. Atlantic City & S. R. Co., 126 N. J. Law 458, 19 A. 2d 807, the employee was authorized to use trolley transportation;;

he used an automobile. In Wilson v. Pennsylvania R. R. Co., 63 N. J. Law 385, 43 A. 894, the employee was authorized to carry mail on foot or by push cart; he used a wagon. In Lambert v. M. Satsky Trucking Co., 118 N. J. Law 485, 193 A. 702, drivers were instructed to use only company trucks in making deliveries, as the master's insurance covered only those trucks; the driver used his personally owned sedan. In Kennedy v. Union Charcoal & Chemical Co., 156 Tenn. 666, 4 S. W. 2d 354, the employee used an automobile where his duties did not call for use of a conveyance. In Dunn v. Campo (La. App.), 179 So. 102, the employee used an automobile instead of a wheelbarrow or going on foot. Obviously, in the cited cases a substantially different kind of instrumentality was used.

Both parties cite and rely upon Rose v. Gisi, 139 Neb. 593, 298 N. W. 333. In that case we were dealing with the use of an authorized instrumentality in a class of service the employee was not authorized to perform. Here we are dealing with the use of an instrumentality of substantially the same kind as that authorized in a class of service the employee was authorized to perform. In that case we said: "If the act causing the injury is within the class of service for the doing of which the servant was employed, the master is bound, even if the servant was forbidden to perform the particular act. But if the act forbidden was outside the class of service which the servant was employed to perform, the doing of the act is outside the scope of his employment." The opinion supports the conclusion we reach that Western Union Telegraph Company is liable for the negligence of its messenger Bradford in this case.

This conclusion makes it unnecessary to discuss the instruction given, save to say that it was more favorable to Western Union than the facts proved justified.

The judgment of the district court is affirmed.

AFFIRMED.