RAY NELSON, DOING BUSINESS AS RAY NELSON CAR
COMPANY, APPELLEE, V. THE PENNSYLVANIA FIRE
INSURANCE COMPANY, A CORPORATION, APPELLANT.

47 N. W. 2d 432

Filed April 12, 1951. No. 32928.

*Brown, Crossman, West, Barton & Quinlan,* and *Pilcher & Haney,* for appellant.

*Fitzgerald & Smith, James W. R. Brown,* and *Donald H. Erickson,* for appellee.

Heard before SIMMONS, C. J., CARTER, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

This action was originally commenced in the municipal court of Omaha by Ray Nelson, doing business as Nelson Car Company, against The Pennsylvania Fire Insurance Company, a corporation. It was appealed to the district court for Douglas County. The purpose of the action is to recover for a loss which plaintiff sustained and for which it claims defendant is liable under the terms of an insurance policy which defendant issued to the plaintiff. In the district court a jury was waived and trial was had to the court. The court found generally for the plaintiff and entered a judgment in his favor. Defendant filed a motion for new trial and from the overruling thereof appealed.

In view of the nature of the trial in the district court we apply here the following rule: "When a law action is tried to the court, findings of fact have the

same effect as findings of a jury and will not be set aside unless clearly wrong." Linch v. Berggren, 135 Neb. 530, 282 N. W. 528. However, this rule is of no particular significance here as the facts are undisputed.

Admittedly the policy of automobile insurance was issued by the appellant to the appellee as a used car dealer located at 2503 Farnam Street, Omaha, Nebraska. This policy was in full force and effect at all times herein material. It covered "Loss of or damage to the automobile caused by theft, larceny, robbery or pilferage."

Appellee was a licensed used car dealer having his lot at 2503 Farnam Street in Omaha, Nebraska. On July 21, 1948, he owned and had for sale on his lot a 1947 Ford truck. About 7 p. m. on that date three people, consisting of a man, a woman, and a child, came onto appellee's lot. There they were contacted by Daniel W. Maxwell, one of appellee's salesmen. These parties were strangers to this salesman. Appellee was not on the lot at the time. The man and woman inspected the Ford truck and thought it would meet their needs, they having represented themselves to be truck gardeners from Council Bluffs, Iowa. They asked for a demonstration. Maxwell let them drive the truck off the lot for that purpose. They were unaccompanied when they drove off. Before they drove off Maxwell had given them instructions as to where they should drive. They never returned. Later, about September 28 or 29, 1948, the truck was found in Antelope County. It was returned to appellee. It is for the damages done to the truck while it was out of appellee's possession for which this claim is made.

Maxwell was primarily a salesman and devoted most of his time to that service. He had authority to sell trucks and cars at the prices thereof fixed by the appellee. However, if he could not get the quoted prices he was required to submit any offers received and have them approved by appellee before he had

authority to accept them. In performing this service he was authorized to take cars and trucks off the lot to demonstrate them to prospective buyers. However, both he and the other salesmen, appellee having three salesmen at the time, were instructed not to let any prospective buyer drive a truck or car off the lot unless accompanied by them or some other employee unless appellee gave them express authorization to do so. This consent appellee had been in the habit of giving if he knew the prospect and felt him trustworthy.

Under this situation of fact appellant seeks to avoid liability under the following provision of the policy: "Such Policy does not cover: * * * (d) Under the Theft, Larceny, Robbery or Pilferage Coverage * * * loss suffered by the Insured in case he voluntarily parts with title to or possession of any automobile at risk hereunder, whether or not induced so to do by any fraudulent scheme, trick, device or false pretense or otherwise; * .* *."

The policy is an approved standard form used for individuals, partnerships, and corporations. We find the language of the quoted exclusion clause applies whenever insured, or anyone acting for him with express or implied authority to do so, voluntarily parts with possession of a vehicle covered thereby. Maxwell voluntarily parted with possession of the truck. If appellee is bound by Maxwell's act in so doing the exclusion clause would preclude any liability on the part of appellant.

As stated in 2 C. J. S., Agency, § 94, p. 1200: "Authority, the sum total of the powers committed or permitted to the agent by the principal, may be limited in scope and such limitations are themselves a part of the authority; but instructions direct the manner of transacting the authorized business and contemplate only a private rule of guidance to the agent and are independent and distinct in character."

In distinguishing the latter it is therein stated:

"* * * a distinct idea, which is not in its nature a problem of authority and should not be confused therewith, is the concept of private instructions, for there is a difference between authority and instructions which, although difficult to state in such a manner as to make the dividing line clear, is material.

"Leading characteristics which distinguish instructions are: (1) That they relate commonly not to the subject matter with which the agent is empowered to deal or the kind of business or transactions upon which he is commissioned to act but to the manner or mode of his action with respect to matters which in their substance are within the scope of permitted action; and (2) that primarily, if not necessarily, they are intended as directions for the guidance of the agent as to the manner in which he may accomplish a permitted purpose of the agency and as such are not expected to be made known to those with whom the agent deals, in contradistinction to the limits and scope of the subject matter intrusted to the agent's power as to which it is contemplated that the third person may or will be informed by the agent in case of a proposal to transact business beyond that defined subject matter; and these two elements are specified and commented on as differentiating instructions from the limitations which inhere in authority itself in cases which undertake a detailed discussion of them." 2 C. J. S., Agency, § 94, p. 1202.

"Private or secret instructions or limitations imposing qualifications on what would otherwise be the powers of an agent are without significance as against those dealing with the agent with neither knowledge or notice of them, so far as their relations with the principal are concerned." 2 C. J. S., Agency, § 95, p. 1202. See Restatement, Agency, § 230, p. 514.

This is not a case of excepted or limited authority. The record discloses that Maxwell's services primarily related to selling cars and trucks. His duties relating

thereto contemplated and included the demonstrating thereof to prospective buyers. Such demonstrations included authority to drive cars and trucks off appellee's lot. In making a demonstration Maxwell and the other salesmen of appellee had been instructed that they, or some other employee, must always accompany such car or truck if it was driven off the lot unless appellee gave them express permission to let a prospect drive it off by himself. This restriction or limitation related only to the manner of performing such class of service. No question of the appellant having any notice or knowledge of this instruction is raised by the record. It had neither notice nor knowledge thereof.

A comparable factual case decided by the court is Rankin v. Western Union Telegraph Co., 147 Neb. 411, 23 N. W. 2d 676, 166 A. L. R. 873. Therein the employee of Western Union Telegraph Company had been instructed not to use his racing bicycle when delivering messages but he did and the accident occurred while he was using it. Therein we said the principle stated in Rose v. Gisi, 139 Neb. 593, 298 N. W. 333, supported our holding the Western Union Telegraph Company liable. The same is true here in holding that appellee is bound by the acts of his salesman Maxwell. The principle stated in Rose v. Gisi, *supra*, is: "If the act causing the injury is within the class of service for the doing of which the servant was employed, the master is bound, even if the servant was forbidden to perform the particular act. But if the act forbidden was outside the class of service which the servant was employed to perform, the doing of the act is outside the scope of his employment." Therein we went on to quote the following from Stone v. Commonwealth Coal Co., 259 Mass. 360, 156 N. E. 737: " 'It is not enough, in order to establish liability, to show that the master has an interest in what is being done. It must also be made to appear that the servant whose act is in question has authority from the master to perform the class of service

to which the act belongs. If the act is within the class, the master is bound although the servant is forbidden to perform the particular act.' "

In view of the foregoing we have come to the conclusion that appellant, under the provisions of its policy, is not liable to appellee for the damages which his truck suffered and the trial court was wrong in not so holding. We therefore reverse the judgment of the trial court and remand the cause for new trial in accordance herewith.

REVERSED AND REMANDED.

MESSMORE, J., participating on briefs.