GALLOWAY *v.* MARATHON INSURANCE COMPANY.

4-9792                                                   248 S. W. 2d 699

Opinion delivered May 12, 1952.

*Jack Williamson,* for appellant.

*Bailey & Warren,* for appellee.

GEORGE ROSE SMITH, J. This is an action by the appellants, a partnership engaged in selling cars, to recover the value of a car sold by them to W. E. White. The appellee had issued to the firm a policy insuring against the loss of cars by theft or larceny, with an exception to be mentioned. It was stipulated below that in purchasing the car in question White gave the dealers a check which he knew to be worthless. The trial court, sitting without a jury, found for the defendant.

The policy excludes from its coverage any theft, larceny, robbery, or pilferage that is caused by any person to whom the partnership "voluntarily parts with title and/or possession, whether or not induced so to do by any fraudulent scheme, trick, device, or false pretense." There is no merit in the appellant's preliminary contention that this clause was not properly pleaded by the defendant. The answer sets out this provision *verbatim* and specifically denies that White's action constituted theft within the terms of the policy. The defense could hardly have been more pointedly asserted.

Clauses like this one are frequently found in policies insuring automobile dealers against loss and have been construed by the courts in many cases. Construing the clause against the insurer, the courts hold that for the exception to apply the insured must part with possession as distinguished from mere custody. Thus where the in-

sured's salesman entrusted custody of the car to a hotel employee so that it could be driven to the hotel garage, it was held that possession had not been relinquished. *Bennett Chev. Co.* v. *Bankers & Shippers Ins. Co.*, 58 R. I. 16, 190 A. 863, 109 A. L. R. 1077. But when the dealer voluntarily parts with actual possession rather than mere custody, the loss is excluded from the coverage of the contract. *Jacobson* v. *Aetna Cas. & Surety Co.*, 233 Minn. 383, 46 N. W. 2d 868. As the court said in the latter case: "Where language limiting the obligation of the insurer is ambiguous and susceptible of more than one meaning, the rule requiring a liberal construction in favor of the insured is one of selectivity of meaning and not one of obliteration of all meaning. . . . If the words of exclusion were not intended to embrace actual possession, there would be no other possession with which the owner could voluntarily part, and the exclusionary words would be meaningless." In the case at bar the appellants voluntarily parted with title as well as actual possession. The loss is therefore not covered by the contract.

The appellants strongly urge that our holdings in *Central Surety Fire Corp.* v. *Williams*, 213 Ark. 600, 211 S. W. 2d 891, and *Massachusetts F. & M. Ins. Co.* v. *Cagle,* 214 Ark. 189, 214 S. W. 2d 909, support their contention. Both cases are distinguishable. In the *Williams* case we held that since a fraud such as that practiced by White is declared to be larceny by Ark. Stats. 1947, § 41-1901, the loss is covered by a policy insuring against theft or larceny. The distinguishing feature is that the policy contained no clause similar to that asserted by this appellee. In the *Cagle* case the policy excluded loss due to conversion while the car was in the "lawful possession" of any person under a bailment or conditional sales contract. Since the purchaser's conduct in obtaining the car amounted to larceny under the statute we held that his possession was not lawful but wrongful. In the case at bar the exclusion is broader than that in the *Cagle* case, as it is only necessary that the insured voluntarily part with title or possession, whether or not induced so to do by false pretense. It is not unlikely that

this clause was inserted in the contract to avoid the rule of those cases and similar holdings in other States. For a given premium an insurer may be willing to underwrite the risk of larceny as that term is ordinarily used and yet not be willing to guarantee the payment of all checks accepted by the dealer. There is certainly nothing in the law to prevent the parties from agreeing upon that limitation to the insurer's liability.

Affirmed.