DINKIN and others, Respondents, vs. AMERICAN INSURANCE COMPANY, Appellant.

*October 8—November 9, 1954.*

For the appellant there was a brief by *Dougherty, Arnold & Philipp,* and oral argument by *James T. Murray,* all of Milwaukee.

For the respondents there was a brief and oral argument by *Bernard J. Hankin* of Milwaukee.

GEHL, J.  Since the record discloses ample support for the jury's finding we must treat the case as though Stark had taken the car with plaintiffs' permission. The sole question therefore is: What constitutes a voluntary parting with possession within the meaning of the exclusionary clause referred to. This court has not had occasion to define the word "possession" as here used.

Our attention has been directed to, and we have been able to find only one case which would support plaintiffs' contention that they had not parted with possession of the automobile within the meaning of the exclusion clause. Upon a state of facts practically the same as those with which we have to deal, the court in *Tripp v. United States Fire Ins. Co.* (1935), 141 Kan. 897, 44 Pac. (2d) 236, said that the assured, a car dealer, in letting an ostensible purchaser drive an automobile to try it, did not give possession of the car to the customer but simply the custody of it, and held that under the circumstances an exclusion clause similar to that here involved did not prevent recovery by the assured.

Opposed to the rule of the *Tripp Case, supra,* are the decisions of a considerable number of courts of other jurisdictions. *Jacobson v. Aetna Casualty & Surety Co.* (1951), 233 Minn. 383, 46 N. W. (2d) 868; *Boyd v. Travelers Fire Ins. Co.* (1946), 147 Neb. 237, 22 N. W. (2d) 700; *McDowell Motor Co., Inc., v. New York Underwriters Ins. Co.* (1951), 233 N. C. 251, 63 S. E. (2d) 538; *Nelson v. Pennsylvania Fire Ins. Co.* (1951), 154 Neb. 199, 47 N. W. (2d) 432; *Stuart Motor Co. v. General Exchange Ins. Corp.* (Tex. C. C. A. 1931), 43 S. W. (2d) 647; *Galloway v. Marathon Ins. Co.* (1952), 220 Ark. 548, 248 S. W. (2d) 699. In each of these cases the court was concerned with facts practically identical with those existing here and with a similar policy provision. It was held in each of them that the exclusion clause relieves the insurer from liability for theft where the possession of the automobile is voluntarily surrendered to another with the right to exercise control thereof for a purpose of his own.

In the decision of these cases the courts have held that, for the exclusion clause to apply, the assured must part with possession as distinguished from mere custody; that where the assured intrusts custody of a car to a person for the direct benefit of the assured there has not been a voluntary sur-

render of possession by the latter and the exclusion clause does not prevent recovery. Such are the cases upon which plaintiffs rely in part, *Bennett Chevrolet Co. v. Bankers & Shippers Ins. Co.* (1937), 58 R. I. 16, 190 Atl. 863, 109 A. L. R. 1077, and *Gibson v. St. Paul Fire & Marine Ins. Co.* (1936), 117 W. Va. 156, 184 S. E. 562. In each of them the assured had merely placed custody of the car temporarily with another person for the specific purpose of performing a service for the owner such as repair, service, or shelter. It is not claimed in the instant case that plaintiffs placed their automobile in Stark's custody for the purpose of performing a service for them. If, on the other hand, "the owner voluntarily surrenders physical control of his automobile to a third party with the intent that the recipient third party shall exercise exclusive dominion or control of the vehicle, temporarily or otherwise, solely or primarily for such third party's direct use or purpose,—as distinguished from a use or purpose for the direct benefit of the owner,—then the insured has voluntarily surrendered possession within the meaning of the exclusionary clause of the policy; and there is no insurance coverage. It is immaterial that the owner, in voluntarily surrendering physical control, may have been motivated by a desire for the indirect benefit of making a sale if such surrender was coupled with the intention of giving the recipient thereof the exclusive right to exercise such physical control for the recipient's own personal use or advantage, such as a use to enable the recipient to determine if the vehicle is a desirable one to purchase. To whom, as intended by the owner, does the direct and immediate purpose or use for which the surrendered physical control is to be exercised belong? That is the basic question. In other words, a voluntary surrender of possession, within the meaning of the policy's exclusionary clause, is effected only when the surrender of physical control is accompanied by an intent that the control so surrendered, though it be of only temporary duration, shall

be exclusively vested in the recipient and shall by him be exercised, at his pleasure, for the immediate and direct accomplishment of a purpose or use belonging to such recipient." *Jacobson v. Aetna Casualty & Surety Co., supra* (p. 389).

It appears to us that the exclusion clause was made a part of the policy for the very purpose of relieving the defendant from liability for theft in the case where the insured parts with possession under circumstances such as exist here. Plaintiffs did not intrust the car to Stark for any purpose of their own. They gave him physical control and actual possession of the property for his own use. They had the exclusive right and were alone in a position to determine who should use their automobiles and to whom they should be intrusted. They alone had information or were in a position to acquire it as to the risk assumed when they gave possession of their property to others. The defendant had no opportunity to ascertain these facts. We construe the clause to mean that the loss should fall upon the plaintiffs who were in control of the car and had exclusive knowledge of the facts which should be considered when surrendering possession.

We prefer the rule of the cases in which it has been held that if an owner voluntarily surrenders physical control of his automobile to a third party with the intent that the third party shall exercise exclusive dominion of the vehicle solely or primarily for the recipient's direct use or purpose as distinguished from a use or purpose for the benefit of the owner, the insured has voluntarily surrendered possession within the meaning of the exclusionary clause of the policy and there is no coverage.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss the complaint.