Phillips Motor Co. *v.* U. S. Guarantee Co.

5-808                                                285 S. W. 2d 333

Opinion delivered December 19, 1955.

[Rehearing denied January 23, 1956.]

*Dinning & Dinning,* for appellant.

*O. C. Brewer* and *George K. Cracraft, Jr.,* for appellee.

Paul Ward, Associate Justice.   On this appeal we seek to distinguish between the meaning of the word ''possession'' as distinguished from the word ''custody'' as applied to an exclusion clause in a policy insuring against theft.   The facts are undisputed.

Appellant, Phillips Motor Company, is a corporation engaged in the business of automobile dealer in the City of Helena.   On November 4, 1952, late in the afternoon, a man named Edd Martin came to appellant's place of business and began negotiations to purchase a 1950 Dodge automobile valued at $1,425.00.   After E. O. Phillips, manager of appellant, and Martin had taken a short drive in the automobile to try it out, Martin stated that he had about decided to buy and asked Phillips if he would take his check, stating that he would like to keep the automobile over night to further try it out.   Phillips at first replied that he would under no conditions let him **use the car over night.**   A short time later however, after

Martin had given Phillips his check for $1,550.00 on the First National Bank of DeWitt [marked in the left hand corner "for 1950 Dodge"] and after Phillips' insurance agent had issued a liability policy on the automobile to Martin, for which Martin paid $100.00, Phillips allowed Martin to take the automobile and drive it until the next morning. It was understood that Martin would return the automobile the next morning and, if he liked it, the check would be cashed and title papers to the automobile would be made out to him. Thereupon Martin drove away in the automobile and has not been heard from since. When his check was presented to the bank it was dishonored for lack of funds.

At all times mentioned herein, and in the ordinary course of business, appellant held an insurance policy [No. GWB 4905630] issued to it by appellee, insuring against any damage or loss by reason of theft of any automobile owned or held in connection with the operation of its business.

On the above state of facts appellant filed suit against appellee on said mentioned policy to recover the value of the Dodge automobile. For its answer appellee admitted the issuance of the policy but denied that plaintiff had suffered any loss insured against therein, affirmatively stating that said policy contains, among other provisions, the following exclusion:

"2. Exclusions — Such Policy Does Not Cover: (d) under the theft, larceny, Robbery, or pilferage coverage (if such policy covers these perils)—loss suffered by the insured in case he voluntarily parts with title to, or possession of any automobile at risk hereunder, whether or not induced so to do by any fraudulent scheme, trick, device or false pretense or otherwise."

After the introduction in evidence of oral testimony, excerpts from the said policy and the above mentioned check, the trial judge directed a verdict in favor of appellee.

In its brief appellant very clearly states the issue presented to us in these words:

"The question now before the court is whether or not, under these circumstances, which are undenied and unquestioned, the appellant delivered the lawful possession of the car to Edd Martin or whether, on the other hand, he delivered merely the custody of the car for the purpose of permitting him to try it out during the night."

It is, of course, the contention of appellant that it merely delivered *custody* of the automobile to Martin, and that therefore the exclusion clause copied above does not apply. We agree with appellant that if it did merely deliver *custody* to Martin and did not deliver *possession* to him [as these words are later interpreted], then the judgment of the trial court should be reversed.

To sustain its contention that only *custody* of the automobile was delivered to Martin appellee refers us to several decisions from other jurisdictions which we will mention later. However after careful consideration of the numerous decisions dealing with the question here presented we have concluded that, under the factual situation above stated, appellant delivered *possession* of the Dodge automobile to Martin, and that, consequently, the judgment of the trial court must be sustained.

In the case of *Galloway* v. *Marathon Insurance Company*, 220 Ark. 548, 248 S. W. 2d 699, where the same exclusion clause mentioned above was considered under facts somewhat similar to the facts in the case at bar, this court made a clear distinction between *possession* and *custody* as applied to this kind of a case. It was there stated:

"Construing the clause against the insurer, the courts hold that for the exception to apply the insured must part with possession as distinguished from mere custody. Thus where the insured's salesman entrusted the custody of the car to a hotel employee so that it could be driven to the hotel garage, it was held that possession had not been relinquished." [Citing *Bennett Chev. Co.* v. *Bankers and Shippers Ins. Co.*, 58 R. I. 16, 190 A. 863, 109 A. L. R. 1077.] "But when the dealer voluntarily parts with actual possession rather than mere custody,

the loss is excluded from the coverage of the contract.''
[Citing *Jacobson* v. *Aetna Cas. & Surety Co.,* 233 Minn.
383, 46 N. W. 2d 868.]

In the *Galloway* case, *supra,* the court held that the
exclusion clause prevented recovery, but that opinion is
not decisive of the question we are considering here, first
because in that case title as well as possession had passed
to the purchaser which is not true here, and second be-
cause that case did not announce any rule by which to
distinguish between *possession* and *custody,* as it was not
necessary to do so. The decisions of other jurisdictions
however have pointed out rather consistently the way to
make such distinction, and they have construed facts
analogous to the facts here as indicating a departure
with *possession* and not with *custody.* We will now ex-
amine some of these cases.

In the *Jacobson* case, *supra* [cited in the *Galloway*
case, previously discussed] the court dealt with the iden-
tical exclusion clause and essentially the same facts as
are present in the case under consideration, and the court
held that the dealer parted with possession and not
merely with custody, relieving the insurance company of
liability. In a well written opinion the court pointed out
the features which distinguished possession from cus-
tody. In general terms it was stated that if the dealer
turns the car over to another person so that that person
may render some service or benefit for the dealer, then
the dealer parts only with custody and the insurance
company is liable, but if the dealer allows a person to
take an automobile for his own use and benefit then the
dealer has parted with possession and the insurance com-
pany is not liable. In making this distinction the court
there used this language:

''In other words, a voluntary surrender of posses-
sion, within the meaning of the policy's exclusionary
clause, is effected only when the surrender of physical
control is accompanied by an intent that the control so
surrendered, though it be of only temporary duration,
shall be exclusively vested in the recipient and shall by
him be exercised, at his pleasure, for the immediate and

direct accomplishment of a purpose or use belonging to such recipient.''

The same exclusion clause and essentially the same set of facts pertaining here were considered in *McDowell Motor Company* v. *New York Underwriters Ins. Co.*, 233 N. C. 251, 63 S. E. 2d 538, and the court, in holding the insurance company not liable stated: ''. . . we think the exclusion clause does relieve the insurer from liability for theft where the possession of the car was voluntarily surrendered to another with the right to exercise control thereof for a purpose of his own.'' The *purpose* for which the automobile was turned over to the prospective customer in that case was to test it and show it to his wife for her approval or disapproval.

In the case of *Boyd* v. *Travelers Fire Ins. Co.* 147 Neb. 237, 22 N. W. 2d 700, the court held there was no liability on the insurance company under an exclusion clause exactly like the one in the case at bar and where the facts in all essentials were also the same. The same conclusion reached in the above case was reached in *Nelson* v. *Pennsylvania Fire Ins. Co.*, 154 Neb. 199, 47 N. W. 2d 432. The exclusion clause was exactly the same and the facts were in all essentials the same as those in the case at bar, although the case was reversed against the insurance company for an entirely different reason. One of the most recent cases affirming the holding in the cases above referred to is *Harry Dinkin, et al.* v. *The American Insurance Company*, 268 Wis. 138, 66 N. W. 2d 681. Not only is this decision based on the same kind of an exclusion clause and on essentially the same set of facts as those under consideration here but the opinion sets forth a clear statement of the reasons for the rule announced. In summing up these reasons the court said:

''We prefer the rule of the cases in which it has been held that if an owner voluntarily surrenders physical control of his automobile to a third party with the intent that the third party shall exercise exclusive dominion of the vehicle solely or primarily for the recipient's direct use or purpose as distinguished from a use

or purpose for the benefit of the owner, the insured has voluntarily surrendered possession within the meaning of the exclusionary clause of the policy and there is no coverage.''

Appellant relies very strongly on the case of *Tripp* v. *United States Fire Ins. Co. of New York,* 141 Kan. 897, 44 Pac. 2d 236. We agree with appellant that the exclusion clause and the facts in that case are practically and materially the same as those in the case at bar, and also agree that the holding in that case cannot be reconciled with the holdings above mentioned. However that case was decided in 1935 and it has been considered and rejected in many of the cases to which we have referred. Apparently the court reached the conclusion it did largely by a reliance on the general rule that language in insurance policies should be construed most favorably to the insured. While we recognize this rule as sound and well established we do not feel at liberty to apply it here. The reason is that the particular exclusion clause we are dealing with has been so many times uniformly interpreted [in connection with practically the same factual situation obtaining here] that all doubt as to its meaning has been eliminated. Since the policy under consideration is standard and since the exclusion clause is so widely used we think it better for all concerned to maintain a uniform interpretation than to inject confusion by holding contrary to the clear weight of authority.

Affirmed.

Justice HOLT concurs.

Justice MILLWEE dissents.

J. SEABORN HOLT, J., concurring. I agree that the primary and decisive question in this case is, whether the Phillips Motor Company parted with possession of the car in question or just with its custody. I also agree that, on the facts presented in this record, the motor company parted with *possession* of the car in question and, therefore, cannot recover under the exclusion clause in the policy. Each case must turn, as I view it, on the particular facts therein. The majority opinion states that the

exclusion clause and the facts in the principal case relied upon by the motor company, *Tripp* v. *United States Fire Ins. Co. of New York,* 141 Kan. 897, 44 Pac. 2d 236, are "practically and materially the same as those in the case at bar." I agree that the exclusion clause in the Tripp Case is the same as in the present case, but there is a material distinction in the facts in that case with those in the present case before us. It is undisputed that when appellant allowed Martin to take the car overnight to try it out, he told Martin, in effect, that he would part with the car in this fashion; only if Martin would take out liability insurance on the car. In this connection appellee says in his brief:

"The appellant agreed to let him use the car that night provided he would insure it. The appellant's manager then called Mr. Charles Conditt of the James A. Hudson Insurance Company at his home and Mr. Conditt agreed to return to his office to write the policy. Mr. Hudson, Mr. Phillips, the manager of appellant, and the imposter met at the office of Mr. Conditt where Mr. Phillips identified the imposter as 'Edd Martin,' exhibiting an invoice of the sale. A policy of insurance was issued by Mr. Conditt showing 'Edd Martin' as sole and unconditional owner of the automobile. It was understood that on the following morning if the check was good and if the imposter was satisfied with the performance of the car and the engine was tuned the sale would be completed." There were no such facts as above in the *Tripp Case,* as the statement of the facts in the opinion in that case shows. Quoting from the opinion:

"Plaintiff was engaged in the automobile business at Stockton. On May 24, 1933, a man calling himself Hanson appeared at plaintiff's place of business with a Chevrolet coupe in which he had a number of surveying instruments. Plaintiff suggested to Hanson that he needed a larger car and Hanson looked at cars, trying them to see how the instruments would fit into them. Hanson told plaintiff he had to go to Palco to do some work and would be back to consider buying a certain sedan. Later the same day

Hanson called plaintiff and asked plaintiff to meet him at Plainville. Plaintiff took the sedan and met Hanson at Plainville where terms of trade were discussed. Before Hanson would make the trade he wanted to try the sedan, to which plaintiff agreed. Hanson stated he had no keys for his coupe and asked plaintiff to watch it while he tried out the sedan. Plaintiff agreed. Hanson got into the sedan, drove off and failed to come back.''

On facts, which as indicated do not appear in the Tripp Case, I think that the appellant, Phillips Motor Company, parted with possession and not custody and, therefore, concur in the result reached by the majority.