ADOLPH ROLFSMEIER ET AL., APPELLANTS, v. IMPLEMENT DEALERS MUTUAL INSURANCE COMPANY, A FOREIGN CORPORATION, APPELLEE.

153 N. W. 2d 367

Filed October 13, 1967. No. 36574.

Ivan A. Blevens, for appellants.

Kier, Cobb & Luedtke, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SMITH, J.

The question is whether an automobile theft policy covers a taking of possession from automobile dealers, plaintiffs, by fraud. A thief allegedly delivered a purchase order and a worthless check for the price of the automobile, plaintiffs retaining the certificate of title. The district court dismissed the petition for failure to state a cause of action, and plaintiffs have appealed.

The policy is a combination of a common form and an "Automobile Dealers' Physical Damage Supplement." On the first page of the common form the boxed section shows coverage "D Theft (Broad Form)." In the column "Net Rates" the typed words "See Form" refer to coverage D. The boxed section is preceded by this sentence: "The limit of * * * liability * * * shall be * * * subject to all the terms of this policy having reference thereto." Below the boxed section the space headed "Description of the automobile and facts respecting its purchase by the insured" is blank.

Other relevant provisions found elsewhere in the common form are as follows: "(T)he company Agrees * * * subject to the * * * exclusions * * * and other terms of this policy: * * * Coverage D—Theft (Broad Form): To pay for loss of * * * the automobile * * * caused by theft, larceny, robbery or pilferage. * * * This policy does not apply: * * * (g) under * * * D, to loss due to conversion, embezzlement or secretion by any person in possession of the automobile under a bailment lease, conditional sale, purchase agreement, mortgage or other encumbrance * * *."

The supplement which is inside the common form shows two sales locations, a monthly reporting basis, and a deposit premium of $101.75—the sum appearing on the first page of the policy. Another part of the supplement reads as follows:

"The limit of * * * liability * * * shall be * * * subject to all the terms of this policy having reference thereto. * * * The company will pay for loss * * * caused by * * * theft, larceny, robbery or pilferage * * *. Exclusions: This supplement does not apply * * * to a loss resulting from or occurring after the insured's voluntarily parting with title or possession of any automobile, if induced to do so by any fraudulent scheme, trick, device or false pretense, or from embezzlement, conversion, secretion, theft, larceny, robbery or pilferage committed by any person entrusted by the insured with custody or possession of the automobile * * *."

An interpretation of an insurance contract should satisfy reasonable expectations of the insured at the time of the contract. If a contract prepared by the insurer is reasonably open to different interpretations, one favorable to the insurer and one advantageous to the insured, the one favorable to the insured will be adopted. Kent v. Dairyland Mut. Ins. Co., 177 Neb. 709, 131 N. W. 2d 146.

Plaintiffs argue that the exclusionary clause in the supplement does not restrict the theft coverage in the common form. The exclusion is indeed literally limited to the supplement. It is clear, however, that the common form was not designed for automobile dealers, and the typewritten "See Form" invited attention to the supplement. Although the verbiage is not a model of clarity, it falls far short of a lure or trap for an unwary businessman. The substance of the exclusion is frequently found in dealer policies. In the light of the whole contract, recovery by plaintiffs would be a windfall. The loss was not within the risks assumed. See, Boyd v. Travelers Fire Ins. Co., 147 Neb. 237, 22 N. W.

2d 700; Nelson v. Pennsylvania Fire Ins Co., 154 Neb. 199, 47 N. W. 2d 432.

The judgment is affirmed.

AFFIRMED.