Argued May 21; reversed July 15, 1941

# GOODRICH SILVERTOWN STORES *v.*
## COLLINS ET AL.
(115 P. (2d) 332)

Before KELLY, Chief Justice, and BAILEY, LUSK, RAND and ROSSMAN, Associate Justices.

*Howard M. Brownell*, of Eugene (Dorilla J. Somers, of Eugene, on the brief), for appellant.

*G. Bernhard Fedde*, of Eugene, for respondent.

BAILEY, J. This suit was instituted by Goodrich Silvertown Stores against S. G. Collins, Donald Ray Kidd, American Mortgage & Loan Company, a corporation, and M. K. Herburger, to foreclose a lien on an automobile for the reasonable value of wheels and tires furnished and installed by the plaintiff. From a decree in favor of the plaintiff, foreclosing the lien, the defendant American Mortgage & Loan Company appeals.

On July 15, 1939, M. K. Herburger sold on a conditional sale contract to S. G. Collins a 1929 Ford coupe. The purchaser was allowed $30 on an automobile traded in, and was to pay a balance of $90.20 of the purchase price in monthly installments of $9.02, beginning August 15, 1939. The contract of conditional sale contained a provision that, "Title to said property shall not pass to purchaser until all payments hereunder . . . are fully paid; that no transfer, renewal, extension or assignment of this contract, or of any interest thereunder, . . . shall release purchaser from his obligations hereunder; that purchaser . . . shall not transfer any interest in this contract or in said property, shall not make any material change in said property without seller's written consent. * * * Possession of said property shall give purchaser no title or interest therein and no rights except as herein provided. If purchaser shall fully comply with the terms, covenants and conditions of this contract, and make all of the payments as herein provided, seller agrees to deliver to purchaser bill of sale for said property".

The contract further provided that the seller might assign and transfer his rights under the contract and that any such assignment should vest in his assignee "all of the right hereby reserved and granted to seller, together with title to said property, * * * This contract shall inure to the benefit of and be binding upon the heirs, executors, administrators, successors and assigns of the respective parties hereto subject, however, to the above restriction against assignment by purchaser." After the contract was executed Herburger assigned it to American Mortgage & Loan Company.

Upon the execution of the contract the automobile was delivered to Collins, who, prior to December 6, 1939, delivered the car and sold or attempted to sell his equity in it to W. W. Brown, with the understanding, according to the uncontradicted testimony of Collins, that Brown was to procure American Mortgage & Loan Company's approval of such sale, and pending approval was not to part with possession of the car. Collins retained and did not assign his copy of the conditional sale contract. He knew, at the time he delivered the car to Brown, that Brown contemplated selling it to Kidd after obtaining the approval of the mortgage company. Immediately upon receiving the car from Collins, Brown turned it over to Kidd, in payment of wages due from Brown to Kidd. No approval was ever obtained from the mortgage company of the sale from Collins to Brown or the transfer from Brown to Kidd. In fact, that company did not know of any attempted sale or transfer of the car, or that either Brown or Kidd had possession of it, until after the plaintiff performed labor thereon and furnished the materials for which it claims a lien.

On December 6, 1939, Kidd purchased from the plaintiff and caused to be placed on the Ford coupe here involved five used wire wheels and a like number of used tires and tubes, for a total price of $55, on which the plaintiff allowed a credit of $15 for the wheels, tires and tubes removed from the Ford coupe. The tires on the car when Kidd obtained it were in such bad condition that it was necessary to replace them, and due to the fact that the wheels were of an obsolete type and tires to fit them could not easily be procured, it was less expensive to replace them also.

Kidd represented to the plaintiff that he owned the car. His identity and responsibility were established to the satisfaction of the plaintiff by a county commissioner of Lane county, before the plaintiff made the sale to him.

The lien herein sought to be foreclosed was filed with the county clerk of Lane county within sixty days, namely, on January 31, 1940. In the claim of lien it was stated: ". . . that the name of the owner, or reputed owner, of said automobile is S. G. Collins, and that Donald Ray Kidd, the authorized agent of such owner and having lawful possession of said property, requested said service and materials; that the American Mortgage & Loan Co. is the holder of the certificate of title and is the vendor of said automobile on a conditional sales contract to said S. G. Collins".

The complaint alleges that the plaintiff "at the special instance and request of the defendant Donald Ray Kidd, who was then in possession thereof and was the authorized agent of the owner thereof, performed labor and furnished material upon" the Ford coupe hereinabove mentioned.

Sometime subsequent to December 6, 1939, American Mortgage & Loan Company repossessed the automobile because of delinquency in payment of some of the monthly installments of the purchase price. When it discovered that the plaintiff had filed a lien against the car, the mortgage company requested the plaintiff to remove the wheels, tires and tubes which it had furnished, and replace those which had been on the car originally; and this the plaintiff refused to do.

The principal question to be determined is whether the plaintiff, by selling the wheels, tires and tubes to Kidd and placing them on the Ford car, acquired a right of lien on that automobile as against American Mortgage & Loan Company.

Section 67-601, O. C. L. A., reads in part as follows:

"Every person, firm or corporation who has expended labor, skill or materials, including automobile tires, upon any chattel, . . . at the request of its owner, reputed owner, or authorized agent of the owner, or lawful possessor thereof, shall have a lien upon said chattel for the contract price for all such expenditure, or in the absence of such contract price, for the reasonable worth of such expenditure, . . . notwithstanding the fact that the possession of such chattel has been surrendered to the owner, or lawful possessor thereof."

Section 67-604, O. C. L. A., provides that:

"Every person who is in possession of a chattel under an agreement for the purchase thereof, whether the title thereto be in him or his vendor, and every other person who is in lawful possession of a chattel shall, for the purpose of this act, be deemed the owner thereof, or authorized agent of the owner".

The statute gives a lien to every person "who has expended labor, skill or materials" upon any chattel "at the request of its owner, reputed owner, or author-

ized agent of the owner, or lawful possessor thereof''. The purchaser of a chattel under an agreement is to be deemed the lawful owner thereof or the authorized agent of the owner. Any one who performs labor on such a chattel at the instance of one purchasing it under an agreement is by the statute expressly granted a right of lien.

■ In the case before us, Kidd, at whose instance labor was performed and materials furnished on the automobile involved, was not purchasing the automobile either from Collins or from the mortgage company. The contract under which Collins was purchasing the automobile specifically provided that title thereto should not pass to Collins until the full purchase price should be paid; that he should not transfer any interest in the contract or in the automobile; and that possession of the automobile should give him no title or interest in it. The sale or attempted sale by Collins of his interest in the automobile to Brown was conditioned on approval thereof by the mortgage company. It could not be said, therefore, that Kidd was purchasing the automobile under contract within the meaning of § 67-604, *supra*.

It is argued by the plaintiff that Kidd was in lawful possession of the car and therefore was either the owner or the authorized agent of the owner within contemplation of the lien law.

In *Ross v. Spaniol*, 122 Or. 424, 251 P. 900, 259 P. 430, the owners of an airplane delivered it to one Woodruff for the purpose of having it repaired. The plaintiff and others, who were employes of Woodruff, performed labor on the airplane and when they were not paid for their services filed liens on it, under the provisions of the statute here invoked. The controlling ques-

tion in that case was whether Woodruff's possession of the airplane was such as to entitle laborers who performed work on it at his request to a lien for their services. In passing upon this question, the court said:

"To constitute the lawful possession of a chattel, or to make one the lawful possessor of a chattel under this statute, possession alone is not sufficient; the possession must itself be lawful, and if the possession is that of one not the owner, then to be lawful, such possession must be not inconsistent with the rights of the owner. Obviously it was intended by this statute to confer the right to a lien for work done upon a chattel, where the work for which the lien is claimed was done at the request of either the actual owner of the chattel, or of one who while not the actual owner had been, for purposes other than that of having it repaired, entrusted by the owner with such possession and control of it as to give him apparent authority to contract with others for its repair and, in such case, to give a lien to the one contracting to do the work in reliance thereon."

The supreme court of North Carolina in *Johnson v. Yates*, 183 N. C. 24, 110 S. E. 603, in construing a statute of that state giving to mechanics and artisans a lien on personal property for labor performed thereon at the request of the owner or legal possessor of such property, held that a mortgagor in possession of an automobile was the legal possessor thereof within the meaning of the statute. With reference to the question of who was the legal possessor of the automobile, the court said:

"A further consideration of the statute will disclose that the lien provided for can only arise when the alterations or repairs are made at the instance of the owner or legal possessor of the property. And from the meaning and purpose of the statute and under the authoritative and better considered decisions dealing with the

subject, both in the application of the common-law principles involved and in the construction of statutes of similar import, these terms must be understood and interpreted to include all owners of the property and all persons in possession and use of same with the knowledge and assent of the owner and under circumstances giving express or implied authority from him to have such reasonable and necessary repairs made as may be required in the use of the property contemplated by the parties.''

In that case the court held that the mortgagee had permitted the mortgagor to have uncontrolled possession and use of the automobile and had either expressly or impliedly consented to the mortgagor's having reasonable and necessary repairs made to the automobile.

It has been stated that there is no word, either in common usage or in legal terminology, more ambiguous in its meaning than ''possession'': *National Safe Deposit Co. v. Stead*, 232 U. S. 58, 58 L. Ed. 504, 34 S. Ct. 209. Temporary care or custody of property does not rise to the dignity of possession, within the ordinarily accepted legal meaning of that term: *Hancock v. Finch*, 126 Conn. 121, 9 A. (2d) 811; *Gibson v. St. Paul Fire & Marine Ins. Co.*, 117 W. Va. 156, 184 S. E. 562. In this latter case it was further said that:

''Custody of things means to have them in charge—safekeeping. It implies temporary physical control merely, and does not connote domination, or supremacy of authority, as does possession in its full significance. Possession implies custody coupled with a right or interest of proprietorship. Possession is inclusive of custody, but custody is not tantamount to possession.'' (Citing authorities.)

See also, in this connection, *Shipp v. Patten*, 123 Ky. 65, 93 S. W. 1033.

■ In our opinion, Kidd was not the "lawful possessor" or "in lawful possession" of the Ford car, within the meaning of those terms as used by the legislature in §§ 67-601 and 67-604, *supra*, at the time that he caused labor to be performed on it and materials to be furnished for it.

Any one who performs labor or furnishes materials on an automobile has it within his power to ascertain readily who is the registered owner of the automobile. All automobiles used on the highways of this state are required to be registered annually: § 115-109, O. C. L. A. Upon the filing of an application therefor and payment of the specified fee, the secretary of state is required, in the absence of just cause for refusing, to grant a license to the applicant and to issue to him a registration card which "shall contain a blank space for the signature of the registered owner and shall be signed with ink by such owner immediately upon receipt." This registration card is required to be securely fastened within the driver's compartment of the vehicle for which it is issued: § 115-110, O. C. L. A.

In the instant case, there is no evidence that such a registration card was ever issued to either Brown or Kidd. The plaintiff's testimony was to the effect that Kidd told Garnett, plaintiff's salesman, that he owned the Ford car, and apparently Garnett accepted that statement as true and made no attempt to ascertain the fact of ownership.

The mortgage company did nothing to mislead the plaintiff as to Kidd's authority. There is no evidence from which the court could conclude that the mortgage company, by its acts, is estopped from asserting that the plaintiff is not entitled to a lien on the Ford coupe.

It is our opinion that the labor was not performed and the materials were not furnished by the plaintiff at the request of the owner, reputed owner, authorized agent of the owner, or the lawful possessor of the automobile. The decree is reversed and the cause remanded with direction to dismiss the suit as to American Mortgage & Loan Company. No costs will be allowed in this court.