Argued and submitted September 11, affirmed October 28, 1987

McGAUGHEY et al,
*Appellants,*

*v.*

ST. PAUL FIRE AND MARINE
INSURANCE COMPANY,
*Respondent.*

(85-C-614752; CA A42702)

744 P2d 598

Richard S. Yugler, Portland, argued the cause and filed the brief for appellants.

Paul Silver, Portland, argued the cause and filed the brief for respondent.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

## YOUNG, J.

This is an action for breach of a comprehensive general liability insurance contract issued by defendant to plaintiffs, who seek to recover the cost of defending a workers' compensation claim. The claim was filed by plaintiffs' former employe. Plaintiffs tendered defense of the claim, and defendant refused the tender. The trial court held that, under the terms of the insurance contract, defendant had no duty to defend. Plaintiffs appeal, and we affirm.

Plaintiffs own and operate a trailer park. They hired Mrs. Sauer to manage the park, and she lived in a house located there. On April 16, 1985, she was fired as manager, but she was allowed to remain in the house until May 1. On April 22, she broke her leg at the park. She filed a workers' compensation claim, which was denied. She requested a hearing. Plaintiffs tendered the defense of the claim to defendant, which rejected it on the ground that the insurance contract excludes coverage of workers' compensation claims. The hearings referee ruled that Sauer's claim was not compensable under the workers' compensation law, because she was not a covered worker.

The procedural posture of this case is murky and requires explanation. Defendant filed an amended answer admitting the material factual allegations of the complaint, and denying, *inter alia,* that it breached the insurance contract when it rejected the tender. At trial, plaintiffs argued that the trial court should first decide whether the contract, which was attached to the complaint, was ambiguous. If it was, a jury would have to decide the factual issue. If the contract was not ambiguous, then there were only legal issues, which the court would decide. The trial court agreed and decided that the contract is not ambiguous and that defendant did not breach it "by refusing to provide a defense to the Workers' Compensation claim" and entered judgment for defendant.

Plaintiffs contend that the exclusionary clause in the contract is ambiguous. Whether the clause is ambiguous is a question of law. *Adams v. Northwest Farm Bureau Ins.,* 40 Or App 159, 164, 594 P2d 1256, *rev den* 287 Or 123 (1979). Words or terms in an insurance contract are ambiguous when "they could reasonably be given a broader or a narrower meaning, depending upon the intention of the parties in the context in

which such words are used by them." *Shadbolt v. Farmers Insur. Exch.*, 275 Or 407, 551 P2d 478 (1976). The allegedly ambiguous language must be reasonably susceptible of more than one meaning. *Western Fire Insurance Co. v. Wallis,* 289 Or 303, 308, 613 P2d 36 (1980). Language not reasonably susceptible of more than one meaning should not be rendered ambiguous "by attributing possible but unlikely meanings to the terms employed without some basis in the policy for doing so." 289 Or at 308. If an insurance contract is ambiguous, the meaning of the ambiguous term is a question of fact. *A-1 Sandblasting v. Baiden,* 53 Or App 890, 893, 632 P2d 1377 (1981), *aff'd* 293 Or 17 (1982).

The relevant clauses of the insurance contract provide:

"WHAT THIS AGREEMENT COVERS

"* * * * *

"**Defending lawsuits.** We'll defend any suit brought against you or any other protected person for covered claims, even if the suit is groundless or fraudulent. * * *

"EXCLUSIONS - CLAIMS WE WON'T COVER

"**Workers Compensation.** We won't cover obligations that protected persons or their insurance companies have under workers compensation, unemployment compensation, disability benefits or similar laws." (Emphasis in original.)

The contract is not ambiguous. Defendants had a duty to defend *any covered claim,* even if groundless. By the clear terms of the contract, workers' compensation claims are "claims we won't cover." Defendant had no duty to defend, because the claim filed by Sauer with the Workers' Compensation Department was not a covered claim as defined by the contract. A reasonably intelligent and careful person in the position of plaintiffs could not have understood the contract to mean anything else. *State Farm Mutual Auto. Ins. Co. v. White,* 60 Or App 666, 672, 655 P2d 599 (1982), *rev den* 294 Or 569 (1983).

Affirmed.[1]

---

[1] In view of this disposition, we need not consider plaintiffs' other assignments of error.