Argued and submitted July 28, affirmed on appeal; cross-appeal dismissed as moot
October 25, 1989

ALLSTATE INSURANCE COMPANY,
*Appellant - Cross-Respondent,*

*v.*

SAFECO INSURANCE CO.,
*Respondent - Cross-Appellant,*

*and*

CONTINENTAL CASUALTY COMPANY,
*Respondent - Cross-Respondent.*

(A8711-06832; CA A50099)

781 P2d 399

Jay R. Chock, Portland, argued the cause for appellant - cross-respondent. With him on the briefs were James E. Shadduck and Zikes, Kayser, Heald & Chock, P.C., Portland, and William T. Barker, Nancy J. Strout and Sonnenschein Carlin Nath & Rosenthal, Chicago, Illinois.

Jeffrey C. Jacobs, Lake Oswego, argued the cause and filed the briefs for respondent - cross-appellant.

Paul L. Roess, Portland, argued the cause for respondent - cross-respondent. On the brief were Jas J. Adams and Acker, Underwood, Norwood & Hiefield, Portland.

Before Buttler, Presiding Judge, and Rossman and Graber, Judges.

GRABER, J.

## GRABER, J.

In November 1985, plaintiff's insured and his passenger were injured when their car collided with a car whose driver had a motor vehicle liability policy issued by defendant Safeco Insurance Co. (Safeco) and an umbrella policy from defendant Continental Casualty Company (Continental). Defendants' insured was at fault in the accident. Defendants settled with plaintiff's insured and his passenger for the policy limits. In addition, plaintiff paid its insured and his passenger about $80,000 in personal injury protection (PIP) benefits. It then requested PIP reimbursement from Safeco, pursuant to *former* ORS 743.825.

When Safeco refused, plaintiff filed this action.[1] Safeco and Continental each asserted a cross-claim for contribution against the other in the event that plaintiff recovered under its complaint. Plaintiff and defendants filed motions for summary judgment on plaintiff's claim. Safeco and Continental also filed motions for summary judgment on their mutual cross-claims. The trial court granted defendants' motions on the complaint and, although that ruling made it unnecessary to consider the cross-claims, held that Safeco was not entitled to contribution from Continental. The court entered a final judgment in defendants' favor, from which plaintiff appeals and Safeco cross-appeals. We affirm on the appeal, which makes the cross-appeal moot.

*Former* ORS 743.825(1) provided:

"Every authorized motor vehicle liability insurer whose insured is or would be held legally liable for damage for injuries sustained in a motor vehicle accident by a person for whom personal injury protection benefits have been furnished by another such insurer, or for whom benefits have been furnished by an authorized health insurer, shall reimburse such other insurer for the benefits it has so furnished if it has requested such reimbursement, has not given notice as provided in ORS 743.828 that it elects recovery by lien in accordance with that section and *is entitled to reimbursement under this section by the terms of its policy.*" (Emphasis supplied.)[2]

---

[1] Plaintiff sought PIP reimbursement from Continental to the extent that reimbursement would exceed Safeco's policy limit. *See* n 2, *infra.*

[2] In 1987, the legislature amended ORS 743.825(1) to add that "[r]eimbursement under this subsection, together with the amount paid to injured persons by the liability insurer, shall not exceed the limits of the policy issued by the insurer." Or Laws 1987, ch 569, § 4. That amendment overruled *Kessler v. Weigandt,* 299 Or 38, 699 P2d 183 (1985). Because the accident here occurred in 1985, the 1987 amendment does not apply.

The key question is whether plaintiff "is entitled to reimbursement under [*former* ORS 743.825] by the terms of its policy," which reads, in pertinent part:

"***Subrogation***

"Subject to the limitations of Oregon Revised Statutes 743.800 to 743.835, when **we** pay, *the **injured person's** rights of recovery from anyone else become **ours** up to the amount **we** have paid.* The **injured person** must protect these rights and help **us** enforce them." (Bold face in original; other emphasis supplied.)

The index of policy provisions lists that paragraph under the heading of "Subrogation Rights - personal injury protection."

Plaintiff argues that it is entitled to reimbursement under *former* ORS 743.825, because it advised its insured that it would "seek to recover payments somehow" and because "the policy behind the statute [is] that the insurer of the negligent party in an accident should ultimately bear the insurance expenses." That argument sidesteps the plain words of the statute and the plain words of the insurance contract.[3] The phrasing of the policy unmistakably describes only subrogation, ORS 743.830, not intercompany reimbursement, and does not show that it was intended to entitle plaintiff to the benefit of ORS 743.825. *See Edwards v. Bonneville Auto. Ins. Co.,* 299 Or 119, 124-25, 699 P2d 670 (1985). That being so, plaintiff is not "entitled to reimbursement under [*former* ORS 743.825] by the terms of its policy."[4]

Affirmed on appeal; cross-appeal dismissed as moot.

---

[3] Interpretation of an unambiguous contract is a matter for the court. *Deerfield Commodities v. Nerco, Inc.,* 72 Or App 305, 317, 696 P2d 1096, *rev den* 299 Or 314 (1985).

[4] In the light of our disposition of this case, we need not reach plaintiff's second assignment of error.