Argued and submitted February 19, reversed and remanded April 22,
reconsideration denied June 17, petition for review denied July 21, 1992 (313 Or 627)

Doreen Marie GARRETT,
*Respondent,*

*v.*

STATE FARM MUTUAL
INSURANCE CO.,
*Appellant.*

(16-90-05706; CA A69224)

829 P2d 713

William G. Wheatley, Eugene, argued the cause for appellant. With him on the briefs was Jaqua & Wheatley, P.C., Eugene.

Douglas G. Schaller, Eugene, argued the cause for respondent. With him on the brief were Jane N. Bolin and Johnson, Clifton, Larson & Bolin, P.C., Eugene.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

**EDMONDS, J.**

Plaintiff brought this declaratory judgment action, claiming that her attorneys are entitled to a share of a personal injury protection (PIP) reimbursement for attorney fees, expenses and costs incurred in recovering a $25,000 settlement. The parties filed cross-motions for summary judgment, and the trial court granted plaintiff's motion. ORCP 47. Defendant appeals, and we reverse.

After plaintiff was injured in an automobile accident, defendant, plaintiff's motor vehicle liability insurer, paid her $10,580.23 in personal injury protection benefits. Defendant notified plaintiff that it would seek reimbursement of PIP benefits directly from the tortfeasor's insurer and advised plaintiff's attorneys that it had elected not to be represented by them. Plaintiff filed a personal injury action against the tortfeasor and settled with the tortfeasor's insurer for the policy limits of $25,000. In satisfaction of the settlement agreement, two drafts totalling $25,000 were delivered to plaintiff: $14,419.77 payable to plaintiff and $10,580.23 as reimbursement for the PIP benefits. Plaintiff endorsed and delivered the latter draft to defendant. The trial court concluded that, because the insurance policy did not entitle defendant to direct reimbursement under ORS 742.534 from the tortfeasor's insurer, defendant was required to pay a share of the litigation costs incurred by plaintiff under ORS 742.538. ORS 742.538(1) refers to subrogation rights of insurers and provides:

> "The insurer is entitled to the proceeds of any settlement or judgment that may result from the exercise of any rights of recovery of the injured person against any person legally responsible for the accident, to the extent of such benefits furnished by the insurer less the insurer's share of expenses, costs and attorney fees incurred by the injured person in connection with such recovery."[1]

Defendant contends that, because its policy expressly states its right to recover under the "Personal Injury Protection Act," which includes reimbursement pursuant to ORS 742.534, the trial court erred. ORS 742.534

---

[1] In addition to reimbursement under ORS 742.534 and subrogation rights under ORS 742.538, ORS 742.536 permits an insurer to impose a lien against its insured's cause of action for the amount of PIP benefits paid.

does not provide for the recovery of litigation costs and provides, in part:

"(1)   Every authorized motor vehicle liability insurer whose insured is or would be held legally liable for damages for injuries sustained in a motor vehicle accident by a person for whom personal injury protection benefits have been furnished by another such insurer, or for whom benefits have been furnished by an authorized health insurer, shall reimburse such other insurer for the benefits it has so furnished if it has requested such reimbursement, has not given notice as provided in ORS 742.536 that it elects recovery by lien in accordance with that section and *is entitled to reimbursement under this section by the terms of its policy*." (Emphasis supplied.)

Defendant's policy provides, in part:

"*Our Right to Recover Our Payments*

"\* \* \* \* \*

"c.   Under personal injury protection coverage:

"1.   We are entitled to recover our payments in accord with the *Personal Injury Protection Act*." (Bold face and emphasis in original.)[2]

Under the "definitions" section, the policy provides:

"*Personal Injury Protection Act* — means sections 743.800 through 743.835 of the Oregon Insurance Code and any amendments." (Bold face and emphasis in original.)

Plaintiff argues that defendant's policy language is "essentially the same" as the policy language in *Allstate*

---

[2] The remaining portion of part c provides:

"2.   We are subrogated to the extent of our payments to the proceeds of any settlement the *insured* recovers from the party liable for the *bodily injury*.

"3.   If the *insured* to or for whom we have made payment has not recovered from the party at fault, he or she shall:

"a.   keep these rights in trust for us, but only to the extent of benefits furnished;

"b.   not hurt our rights to recover;

"c.   execute any legal papers we need, and

"d.   when we ask, take action to recover our payment through a representative we choose who has no conflict of interest with the *insured*.

"We will pay our share of costs and attorneys fees of the recovery. Our share is that per cent of the costs and attorneys fees that the amount of our payments bears to the total recovery." (Bold face and emphasis in original.)

*Insurance Co. v. Safeco Insurance Co.*, 99 Or App 162, 781 P2d 399 (1989). In that case, the insurer argued that its policy entitled it to reimbursement under *former* ORS 743.825. Under the index of policy provisions, the paragraph at issue was listed under the heading "Subrogation Rights - personal injury protection." The policy said:

> "***Subrogation***
>
> "Subject to the limitations of Oregon Revised Statutes 743.800 to 743.835, when **we** pay, *the **injured person's** rights of recovery from anyone else become **ours** up to the amount **we** have paid.* The **injured person** must protect these rights and help **us** enforce them." 99 Or App at 165. (Bold face in policy; other emphasis supplied by court.)

We held that the plain words of the policy "unmistakably describe[d] only subrogation" and did not show that the insurer was entitled to reimbursement. 99 Or App at 165.

In *Allstate*, the phrase "subject to the limitations of Oregon Revised Statutes 743.800 to 743.835" modified the language referring to the right of subrogation, a specific remedy. In contrast, the language in defendant's policy here refers to a statutory scheme that includes several remedies, one of which is the right of direct reimbursement. It does not modify language about a discrete remedy. Plaintiff's reliance on *Allstate* is misplaced.[3]

■ Defendant's policy incorporates by reference ORS 743.800 through ORS 743.835 "and any amendments." In 1989, the legislature renumbered those sections to include ORS 742.520 through ORS 742.542. Contracts of insurance are like other written contracts in that the intention of the

---

[3] Plaintiff also relies on *Edwards v. Bonneville Auto Ins. Co.*, 299 Or 119, 699 P2d 670 (1985). The issue in that case was whether the insurer was entitled to offset PIP benefits paid to the plaintiff against the liability limits of its insured's policy. The policy provided for a right of setoff. The plaintiff contended that, because the legislature had eliminated the right of setoff against bodily injury coverage under *former* ORS 743.835, there was no statutory authority for a setoff. The insurer contended that it was authorized to proceed under *former* ORS 743.830, because the terms of its policy entitled it to the benefit of that statute. The court rejected the insurer's argument, because the policy language was substantially the same as *former* ORS 743.835, rather than *former* ORS 743.830. The court said, "If the insurance policy provision here involved were intended to invoke the benefits of ORS 743.830, we should expect to find a text similar to the text of the statute." 299 Or at 125. *Edwards* is inapposite.

parties controls and when the language is plain and unambiguous, the intention of the parties is determined by the policy language. Under such circumstances, our function is to ascertain the meaning of language used and enforce it according to its legal effect. *Weidert v. State Ins. Co.*, 19 Or 261, 269-70, 24 P 242 (1890). When a written contract refers in specific terms to another writing, the other writing is part of the contract. *NW Pac. Indem. v. Junction City Water Dist.*, 295 Or 553, 558, 668 P2d 1206 (1983), *mod* 296 Or 365, 677 P2d 671 (1984).

■■ Because ORS 742.534 is incorporated by reference into defendant's policy, defendant is "entitled to reimbursement under this section by the terms of its policy." ORS 742.534(1). The trial court erred when it held that the policy does not entitle defendant to reimbursement under ORS 742.534. Moreover, defendant informed plaintiff's attorneys that it did not wish to employ them to collect the PIP benefits that it had paid.[4]

Reversed and remanded.

---

[4] Defendant filed a counterclaim, alleging that, because plaintiff brought this action in bad faith, it was entitled to attorney fees under ORS 20.105. In its cross-motion for summary judgment, defendant contended that it was entitled to reimbursement under ORS 742.534, as well as attorney fees under ORS 20.105.