Argued and submitted April 8, affirmed August 10, petition for review denied October 18, 1994 (320 Or 272)

# Nelson A. SCHUTT,
*Respondent,*

*v.*

# FARMERS INSURANCE GROUP OF COMPANIES,
dba Farmers Insurance Company of Washington,
*Appellant.*

## (9211-07657; CA A81214)

879 P2d 1303

Douglas F. Foley argued the cause for appellant. With him on the briefs was Bullivant, Houser, Bailey, Pendergrass & Hoffman.

Thomas O. Carter argued the cause and filed the brief for respondent.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

ROSSMAN, P. J.

## ROSSMAN, P. J.

In this declaratory judgment action, defendant Farmers Insurance Company of Washington (defendant) appeals the trial court's ruling denying its motion for summary judgment and granting plaintiff's cross-motion for summary judgment. The trial court concluded that, under the terms of his automobile insurance policy issued by defendant, plaintiff was entitled to recover for the theft of his car. We affirm.

The facts are not in dispute. Plaintiff placed his car for sale on consignment with Lake Oswego Auto Sales, Inc., a car dealership. Subsequently, a prospective purchaser approached one of the two owners of the dealership and said that the other owner had given him permission to take plaintiff's car for a test drive and for an inspection at another dealership. The owner allowed the prospective purchaser to take the car, unaccompanied by anyone associated with the dealership. The car was not returned and has yet to be recovered.

The comprehensive automobile policy issued to plaintiff by defendant provides coverage for:

> "**loss** to [**plaintiff's**] **insured car** caused by any accidental means except **collision**[.] "**Loss** caused by * * * **theft or larceny** * * * is not deemed **loss** caused by **collision**." (Boldface in original.)

"Theft or larceny" is defined in the policy as

> "the unlawful taking and removal of the insured car, its parts or accessories. *It does not include voluntary parting with title or possession by [the insured] or others, if induced to do so by trickery or false pretenses.*" (Emphasis supplied.)

In essence, the policy excludes from coverage loss that is occasioned by theft or larceny by one whom the insured or another has voluntarily entrusted with "title or possession" of the insured car. Defendant contends that that exclusion bars coverage under the facts of this case. Plaintiff argues that the exclusion does not apply, because the owner of the dealership merely relinquished "custody," not "possession," of the car. The issue, then, is whether the

owner of the dealership entrusted "possession" of plaintiff's car to the prospective purchaser when he permitted him to take it for a test drive and a mechanical inspection.[1] The term "possession" is not defined in the policy.

The clause at issue in this case has not heretofore been construed by this court or the Supreme Court. However, other jurisdictions have construed identical or similar clauses. Some have held that the relinquishment of a car to a prospective purchaser for a test drive is a parting with "possession" of the car,[2] while others have taken the view that delivery of the car to a prospective purchaser for a test drive is delivery of "custody" only, and does not constitute a parting with "possession."[3]

■■ "The primary and governing rule of the construction of insurance contracts is to ascertain the intention of the parties." *Totten v. New York Life Ins. Co.*, 298 Or 765, 770, 696 P2d 1082 (1985). Toward that end, the first step is to attempt to determine the plain meaning of the term or terms at issue. *Hoffman Construction Co. v. Fred S. James & Co.*, 313 Or 464, 474, 836 P2d 703 (1992); *St. Paul Fire v. McCormick & Baxter Creosoting*, 126 Or App 689, 698, 870 P2d 260, *mod* 128 Or App 234, 875 P2d 537 (1994). When a word in an insurance policy is plain and unambiguous, the parties' intent is deemed to flow directly from the common and ordinary meaning of that term. *Twilleager v. N.A. Accident Ins. Co.*, 239 Or 256, 260, 397 P2d 193 (1964); *Garret v. State Farm Mutual Ins. Co.*, 112 Or App 539, 543-44, 829 P2d 713, *rev den* 313 Or 627 (1992); *Ochs v. Avemco Insurance Co.*, 54 Or App 768, 770-71, 636 P2d 421, *rev den* 292 Or 450 (1981). In such a case, our task is simply to "ascertain the meaning of language used and enforce it according to its legal effect." *Garret v. State Farm Mutual Ins. Co., supra*, 112 Or App at 544.

---

[1] Plaintiff makes no issue of the fact that it was an owner of the dealership rather than himself, the insured, who entrusted the prospective purchaser with the insured car.

[2] *E.g., Jacobson v. Aetna Cas. & Surety Co.*, 233 Minn 383, 46 NW2d 868 (1951); *Dinkin v. American Ins. Co.*, 268 Wis 138, 66 NW2d 681 (1954); *Phillips Motor Co. v. United States Guarantee Co.*, 225 Ark 761, 285 SW2d 333 (1956).

[3] *E.g., McConnell v. Fireman's Fund Ins. Co.*, 178 F2d 76 (5th Cir 1949), *cert den* 339 US 952 (5th Cir 1950); *Tripp v. United States Fire Ins. Co.*, 141 Kan 897, 44 P2d 236 (1935); *Security Ins. Co. v. Sellers*, 235 SW 617 (Tex Civ App 1921).

■      However, when a term in a policy is legally ambiguous, and neither party attempts through extrinsic evidence to explain or clarify its intended meaning,[4] it "is strictly construed against the insurer and in favor of extending coverage to the insured." *Kelch v. Industrial Indemnity Co.*, 93 Or App 538, 542, 763 P2d 402 (1988); *see also Shadbolt v. Farmers Insur. Exch.*, 275 Or 407, 551 P2d 478 (1976); *Chalmers v. Oregon Auto Ins. Co.*, 262 Or 504, 508-09, 500 P2d 258 (1972). Whether a legal ambiguity exists in an insurance policy is a question of law. *McGaughey v. St. Paul Fire and Marine Ins. Co.*, 88 Or App 181, 183, 744 P2d 598 (1987); *Mortgage Bancorp v. New Hampshire Ins. Co.*, 67 Or App 261, 264, 677 P2d 726, *rev den* 297 Or 339 (1984). We note that such an ambiguity does not automatically arise when, as here, "one clause provides coverage and another clause excludes that coverage under certain circumstances." *Mays v. Transamerica Ins. Co.*, 103 Or App 578, 585, 799 P2d 653 (1990), *rev den* 311 Or 150 (1991). For a term to be "legally ambiguous," thereby invoking the rule of construction against the insurer, it must be susceptible to at least two alternative interpretations that remain plausible after having been examined in the light of the particular context in which the term is used in the policy and the broader context of the policy as a whole. *Hoffman Construction Co. v. Fred S. James & Co., supra*, 313 Or at 470; *California Casualty Indemnity Exchange v. Maritzen*, 123 Or App 166, 170, 860 P2d 259, *rev den* 318 Or 97 (1993).

Defendant argues that the term "possession" is unambiguous and should be enforced according to its plain and ordinary meaning. "Possession" of a vehicle has been transferred from one party to another, defendant contends, when the transferee has the right to exercise exclusive physical control of the vehicle for his own purpose, as opposed to a purpose for the benefit of the owner, such as repairing, garaging or transporting the vehicle. It is in the latter case, defendant asserts, that the transferee has been entrusted with "custody" of the vehicle rather than

---

[4] Neither party contends that the intended meaning of "possession" can be determined by reference to any special local meaning, terms of art, usage, surrounding circumstances or other extrinsic source.

"possession." As applied to these facts, defendant maintains that the owner of the dealership voluntarily surrendered "possession" of plaintiff's car, because in taking the car for a test drive and inspection, the prospective purchaser exercised control over the car for the direct accomplishment of his own purpose of determining whether the car was suitable for purchase. Under defendant's interpretation, it is immaterial that the owner of the dealership relinquished physical control of the car for what he anticipated would be an extremely brief duration and for a narrowly defined purpose.

Plaintiff, on the other hand, asserts that the term "possession" is inherently ambiguous and, therefore, should be construed against defendant and in favor of extending coverage.[5] *See Goodrich Silverton Stores v. Collins*, 167 Or 40, 47, 115 P2d 332 (1941) ("It has been stated that there is no word, either in common usage or in legal terminology, more ambiguous in its meaning than 'possession.' "). According to plaintiff, the ordinary purchasing public would conclude that the owner of the dealership relinquished temporary "custody" of the car, not "possession," for the restricted and limited purpose of a test drive and inspection.[6] In *National Chiropractic Ins. Co. v. Morgan*, 116 Or App 196, 199-201, 840 P2d 732 (1992), *rev den* 315 Or 312 (1993), we noted that, when an insurer neglects to define a term in the policy,

"it must accept the common understanding of the term by the ordinary purchasing public in the context of the policy. In *Botts v. Hartford Acc. & Indem. Co.*, 284 Or 95, 103, 585 P2d 657 (1978), the court said:

---

[5] Plaintiff also argues that the policy definition of "theft or larceny" is ambiguous, because it is inconsistent with the commonly understood meaning of those terms and the definitions provided in the criminal code. However, the only definition with which we are concerned in this case is that in the policy. *See Allstate Ins. Co. v. Handegard*, 70 Or App 262, 266, 688 P2d 1387 (1984), *rev den* 298 Or 704 (1985) ("When a policy of insurance defines terms in a manner which differs from the ordinary understanding of those terms, the policy definition controls.").

[6] In *Goodrich Silverton Stores v. Collins, supra*, the Supreme Court recognized:

"*Temporary* care or custody of property does not rise to the dignity of possession, within the ordinarily accepted legal meaning of that term[.] * * * '[Custody] implies *temporary physical control merely*, and does not connote domination, or supremacy of authority, as does possession in its full significance." 167 Or at 47. (Emphasis supplied; citations omitted.)

" '[It] is for the court to decide the definition which is properly applicable to the particular factual situation, taking into consideration what we believe to be the popular non-technical understanding of the term.' " (Brackets in original; citation omitted.)

The essence of plaintiff's argument is that "possession" of a vehicle is transferred only when the transferee has the right to exercise complete physical dominion over the vehicle for his own use and enjoyment for a permanent or extended period of time. Plaintiff insists that a transfer of "possession" does not result when, as here, the transferee merely gains momentary physical control of the vehicle for a contemplated short duration and with the distinct recognition of the owner's right to retake the vehicle at any time.

■  Both parties offer "plain meaning" interpretations of the term "possession," and both proposed meanings are plausible. Accordingly, we turn to the remainder of the policy to determine the reasonableness of the interpretations in the light of the specific context in which the term is used and the broader context of the policy as a whole. *Hoffman Construction Co. v. Fred S. James & Co., supra,* 313 Or at 470-71. In this case, subjecting each proffered interpretation to such scrutiny does little to resolve the ambiguity surrounding the term. Neither the interpretation urged by plaintiff nor that suggested by defendant conflicts with, nullifies or renders meaningless any provision in the policy. The parties have not pointed to, and we have been unable to find, any portion of the policy that persuades us that one interpretation should be preferred to the other.

■  In the light of the unresolved ambiguity, the policy must be construed against defendant and in favor of plaintiff. *Hoffman Construction Co. v. Fred S. James & Co., supra,* 313 Or at 470-71; *National Chiropractic Ins. Co. v. Morgan, supra,* 116 Or App at 199-201. So construed, it becomes apparent that, in allowing the prospective purchaser to leave the dealership with plaintiff's car for the ostensible purpose of a test drive and inspection, the owner of the dealership merely surrendered temporary "custody" of plaintiff's car. Under the undisputed facts of this case,

the clause excluding coverage upon the voluntary departure with "possession" of the insured vehicle is not implicated. Plaintiff is therefore entitled to recover under the policy for the loss of his insured car. The trial court committed no error.

Affirmed.