NOT FOR PUBLICATION



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| IONIAN CORP., an Oregon corporation, | No. 12-35708 |
| Plaintiff-counter-defendant-cross-defendant - Appellant, | D.C. No. 3:10-cv-00199-HZ |
| v. | MEMORANDUM[*] |
| COUNTRY MUTUAL INSURANCE COMPANY, | |
| Defendant, | |
| And | |
| PRECISION SEED CLEANERS, INC., | |
| Defendant-counter-plaintiff-cross-claimant - Appellee. | |

| | |
|---|---|
| IONIAN CORP., an Oregon corporation, | No. 12-35794 |
| Plaintiff-counter-defendant-cross-defendant - Appellee, | D.C. No. 3:10-cv-00199-HZ |
| v. | |
| COUNTRY MUTUAL INSURANCE | |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

COMPANY,

               Defendant,

   And

PRECISION SEED CLEANERS, INC.,

             Defendant-counter-plaintiff-cross-claimant - Appellant.

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Argued and Submitted March 7, 2014
Portland, Oregon

Before: TROTT and W. FLETCHER, Circuit Judges, and BLOCK, Senior District Judge.[**]

This is an interpleader action to determine Precision Seed Cleaners and Ionian Corporation's respective rights to property and casualty insurance proceeds that Country Mutual Insurance Company deposited with the district court after a fire destroyed a warehouse owned by Ionian and leased by Precision. We affirm in part, reverse in part, vacate in part, and remand to the district court to (1) grant

---

[**] The Honorable Frederic Block, Senior District Judge for the U.S. District Court for the Eastern District of New York, sitting by designation.

Ionian leave to add a crossclaim for unjust enrichment, and (2) determine each parties' insured financial interest in the proceeds and award them accordingly.

## I

The district court correctly found that Ionian, not Precision, owned the warehouse at the time of the fire. The unambiguous language of the letter agreement contemplated only a future intent to sell the warehouse, see Yogman v. Parrott, 937 P.2d 1019, 1021 (Or. 1997) (en banc), and the absence of terms that are required, or would usually be included, in a land sale contract further evidence that future intent, see Dalton v. Robert Jahn Corp., 146 P.3d 399, 410 (Or. Ct. App. 2006). Precision was nothing more than a lessee of the warehouse.

## II

The district court appropriately heard Precision's untimely second motion for summary judgment. First, the district court prudently modified its pretrial schedule in order to hear Precision's motion because the motion had the potential to resolve this dispute short of trial. See Fed. R. Civ. P. 16(b)(4); United States v. Dang, 488 F.3d 1135, 1142–43 (9th Cir. 2007). Second, the court properly declined to estop Precision from arguing that the policy provided Ionian with liability coverage only. Precision's positions were not "clearly inconsistent" and

Precision did not derive an unfair advantage from its new position.  New Hampshire v. Maine, 532 U.S. 742, 750–51 (2001).

**III**

However, the district court abused its discretion by denying Ionian leave to timely add an unjust enrichment crossclaim and clearly erred by awarding all of the proceeds to Precision.  Critically, the district did not appreciate the "Loss Payment" provision of the insurance policy, which states that Country "will not pay [Precision] more than [its] financial interest in the Covered Property" and "may adjust losses with the owners of [the] property . . . [but] will not pay the owners more than their financial interest in the property."  Indeed, had Precision not objected to the settlement between Ionian and Country, Country would have provided some amount of compensation to Ionian long ago.  Having affirmed that Ionian owned the warehouse at the time of the fire, there remains no doubt that Ionian must be compensated for its loss.  The contract language pertaining to liability coverage is irrelevant to this dispute.

Further, we disagree that the district court lacked subject matter jurisdiction to remedy that loss.  Awarding all of the proceeds to Precision would contradict the plain terms of the insurance policy, see Garrett v. State Farm Mutual Ins. Co., 829 P.2d 713, 716 (Or. Ct. App. 1992) (stating that the court's "function is to ascertain

4

the meaning of language used and enforce it according to its legal effect"), and would result in Precision's wrongful acquisition of more than its fair share of the proceeds, see Tupper v. Roan, 243 P.3d 50, 57 (Or. 2010) (en banc) ("[T]he common thread [in unjust enrichment claims] is the acquisition or retention of property in a way that is in some sense wrongful . . . ."). We therefore have jurisdiction over Ionian's unjust enrichment claim based not on the lease, but on the Loss Payment provision of the insurance policy that is central to this interpleader action.

The district court thus abused its discretion by not allowing Ionian to add an unjust enrichment crossclaim, and further erred by awarding all of the insurance proceeds to Precision. On remand, the district court shall give Ionian leave to amend, determine the respective insured financial interests each party has in the proceeds, and divide the proceeds accordingly.

Each party shall bear its own costs related to this appeal.

**AFFIRMED in part, REVERSED in part, VACATED in part, and REMANDED.**

5